O’Gorman, J.
This is an appeal by the defendant bank from a judgment against it tor $17,946.42, entered on the decision of the court at special term as money received by defendant for the benefit of plaintiff. The plaintiff brought her suit as executrix of Anthony Halsey, her deceased husband, and also as sole legatee under his will. The deceased had been for many years before his death cashier, one of the stockholders, and a director of the bank. At the time of his decease he was insolvent, being indebted to the bank in a large amount, and indebted also to some others who have recovered judgments against his estate. He had been in the habit of keeping all his valuable securities and papers of value in a safe in the bank building, and they were all in that safe at the time of his death. Among these securities were some conceded to have been assigned by him to the bank as collateral security for a part of his indebtedness. The proceeds of the sale of these securities by the bank amounted to $45,991.50, and about these securities, and the proceeds thereof, there is no question in this suit. The contention here is only as to the other securities of the deceased, which he kept in the same safe, and among his papers, which were not formally assigned by him to the bank in writing, but which the bank claimed to have been, nevertheless, held by him for the bank, and as security for payment in full of his debt to it. This suit was brought, in equity, against the bank and against William M. Hoes, for some time the plaintiff’s attorney; and she alleged in her complaint as the basis of her action, that by reason of the fraud and deceit of the defendants’ colluding and conspiring together, she was induced to place, or allow to remain, or be placed, with her consent, in the possession of the bank, valuable securities and money *954 belonging to her late husband, contrary to her duty and her interests as executrix and sole legatee; and she prayed for an accounting by the defendants of all moneys received by them, and that they pay the same over to her, with interest. The defendants answered separately, each denying all fraud, collusion or conspiracy, and at the trial the suit against the defendant Hoes was dismissed, with costs. The bank, in its answer, alleged that Halsey, at the time of his death, owed the bank upwards of $80,000, being money which he had gotten from it while he was its cashier; that all the moneys of the deceased in possession of the bank, which were the subject of this action, were paid by the plaintiff voluntarily to the bank on account of that indebtness; and, that after crediting the estate of Halsey with all such moneys, there still remained due and unpaid by him to the bank over $30,000.
The plaintiff’s charges of fraud, falsehood, and undue influence on the part of the bank were unsupported by evidence, and her cause of action against it as set forth in the complaint, was not sustained.
At the close of the evidence, the counsel for the bank moved for dismissal of the complaint. This motion was denied, and exception taken, and therein, in my opinion, the learned trial judge erred. The court permitted the plaintiff to amend the complaint on the settlement of the case. To this also, exception was taken by counsel for the bank. It does not appear, however, that the amendment allowed alleged any specific ground of a claim for equitable relief, other than such as had been set up in the original complaint.
The court found as a conclusion of law that the bank received the sum of $11,971.14 for the use of the plaintiff, as executrix, and that she was entitled to recover that sum and interest, and judgment was entered against the bank for that amount, with costs. The attitude of the plaintiff at the close of the case was this: Her suit had been, in substance and form, a suit in equity, triable before a judge sitting at special term. The only grounds on which she based her claim to equitable relief were fraud, conspiracy, and deceitful influence misleading her, by which she had been induced to pay into the hands of the bank, money, to the possession of which the bank was not entitled, and she, as executrix of her late husband was entitled. The gravemen of the suit was fraud. No other cause of action was alleged in the complaint. Failing to sustain the charge of fraud, her whole case, on her complaint, failed.
The plaintiff’s claim for equitable relief on these grounds having failed, the question arises, on what finding of facts or evidence the said conclusion of the court, in favor of the plaintiff depends. It may be presumed to be on the claim of mistake on the part of the plaintiff as tó a material matter of fact, but that she was so mistaken is not found by the court as a fact. However, accepting that as a basis of her claim, as presented in its new aspect, and as her new cause of action, the question remains whether she should have *955 been allowed thus to shift her position, and, abandoning her suit in equity, have judgment as in an action at law in assumpsit, on contract, dependent on facts which she never alleged in her complaint, as to which no issue was raised and no finding has been made, and, in fact, no trial was ever had.
If plaintiff, in a suit in equity failed to sustain some of the charges on which she rested her claim to equitable relief, yet, if the pleadings or the evidence disclosed other grounds for equitable relief, the court would no doubt be justified in granting it. But in the case at bar, the charges of fraud, etc., having failed, neither the plaintiff’s complaint, nor the evidence, discloses any ground for equitable relief, and the suit in equity, wholly fails, and an amendment “ changing substantially the claim” from one appealing to a court of equity to one in “ assumpsit ” on contract, triable of right by a jury should not have been allowed. Code Civ. Pro., § 723.
There is no doubt that an action for recovery of money received by defendant for the benefit of the plaintiff is an action at law, on contract, and triable before a jury. 2 Chit. Cont. (ed. 1874), 898; Code Civil Pro., § 968; Trust Co. v. Gleason, 77 N. Y., 403.
The court in this case has not found that the plaintiff was mislead by any mistake of fact, and it is by no means clear that the evidence would have supported such a finding. It appears from the evidence that in claiming and holding this money, the bank has been innocent of any improper act or intent, and was as much misled by mistake of fact or of law as the plaintiff could have been. She voluntarily placed the money in the hands of the bank, for the purpose of paying her husband’s debt to the bank in full. The bank received it for that purpose and intent, and holds it now, subject to the decision of the court, when legitimately obtained, as to its rights and duties as pledgee or otherwise, on issues properly framed. In such case, the plaintiff in an action for money received for her benefit, must first make demand of payment before bringing action. Southwick v. Bank, 84 N. Y., 430.
Looking at this case in all its aspects, the plaintiff was not, in my opinion, entitled to recover, and the judgment should be set aside, and a new trial ordered, with costs to abide the event of the action.
Freedman, J., concurs.