HUGH MEA, RESPONDENT, *v.* ANNA M. PIERCE, APPELLANT.

*Amendment of a complaint upon the trial — changing an action of tort into one upon contract — not permitted.*

Hugh Mea brought an action for a tort against Anna M. Pierce, which, upon the trial, was dismissed on the ground that it was barred by the three years' statute of limitations. Mea then upon the trial made a motion to amend the complaint by inserting an allegation that over a year before the commencement of the action the claim was put in the hands of an attorney for collection; that Pierce requested that no action be brought, and in that event promised to pay $500 in settlement; that Mea agreed to this and settled the cause of action in consideration of the agreement and of $500 so to be paid, and that the sum had not been paid.

*Held,* that it was error to permit the amendment.

That, upon the question of power, it was doubtful whether the court could, upon the trial, allow an amendment, the effect of which was to change an action in tort into an action upon contract.

That if the question rested only in discretion, it was not a proper exercise of discretion nor in furtherance of justice.

That, as all the facts were known to Mea, and the answer had long been served, there could be no question of surprise nor of hardship, since the dismissal of this action would not bar the action on contract if that cause of action, in fact, existed.

Whether the complaint, as amended, alleged an accord and satisfaction was doubtful.

APPEAL by the defendant Anna M. Pierce from an order of the Supreme Court, entered in the office of the clerk of the county of St. Lawrence on the 2d day of November, 1891, allowing the plaintiff to amend her complaint upon the trial by inserting the following:

"And the plaintiff further shows, that one year before the bringing of this action this claim was put into the hands of an attorney for prosecution and the defendant notified of the fact, and claim made upon her for damages which plaintiff had sustained; that the defendant requested that no action should be brought, and that if no action was brought for negligence she would settle and pay the plaintiff $500.00 on demand; that plaintiff assented and agreed to said terms and settled the said cause of action in consideration of said agreement and $500.00 so to be paid; that thereafter plaintiff demanded the payment of the said money, which was refused by the defendant; that the damages and injury so caused to the plaintiff and sustained by him were $500.00."

*A. B. Shepard* and *John C. Keeler*, for the appellant.

*G. S. Dorwin*, for the respondent.

PUTNAM, J.:

The cause of the action stated in the complaint was the alleged negligence of defendant by which plaintiff, without negligence on his part, was injured in July, 1887, and sustained damages to the amount of $5,000. The allegations in the complaint that defendant's husband and agent agreed to settle the matter, which was the reason of delay in bringing the action, does not in any manner change its nature. The action was commenced in November, 1890, and defendant, among other defenses, pleaded the statute of limitations. On these pleadings the plaintiff went to trial in October, 1891, and on the opening of the plaintiff and the pleadings the defendant moved the dismissal of the complaint, on the ground that it appeared that the cause of action stated therein was barred by the statute of limitations. The court thereupon granted the motion. The plaintiff then made a motion to amend by inserting at the end thereof allegations that over a year before the commencement of the action the claim was put into the hands of an attorney for collection; that defendant requested that no action should be commenced, agreeing that if a request was granted she would pay plaintiff $500 on account of his injuries on demand; that plaintiff assented and agreed to said promise settling said cause of action in consideration of said agree-

ment and $500 to be so paid; the defendant neglected and refused to pay said $500. The defendant objected to the amendment, but the court allowed the same and the cause went over the term.

It was sought by the amendment to change the cause of action from tort to one of contract. A contract made by defendant to settle plaintiff's cause of action for $500. The cause of action under the amended pleadings was *the promise* made by defendant a year before the commencement of the action to pay plaintiff $500 on account of the injuries he had received two years before such promise.

There are two questions to be considered: Had the court power on the trial to allow the amendment in question? If it had such power, was it in furtherance of justice to exercise it? There have been cases holding that the court may allow an amendment changing the cause of action from contract to tort. (See *Eighmie* v. *Taylor*, 39 Hun, 366.) If such an amendment can be made at any time by an order of the Special Term, I see no reason why such an order cannot be granted by the court on the trial under section 723 of the Civil Code.

I think, however, that section 723 (*supra*) should not be construed as giving the court, on the trial, power; a plaintiff on his original complaint being defeated, to allow him to substitute a new and different cause of action. The power given to the court by section 723 (*supra*) is to allow an *amendment* to the pleadings by inserting an allegation material to the case — not a power to substitute a new cause of action. (See *Barnes* v. *Quigley*, 59 N. Y., 265; *N. S. Co.* v. *Sheahan*, 122 id., 462–466; *Gas-Light Co.* v. *Rome, W. and O. R. R.*, 51 Hun, 119; *Fisher* v. *Rankin*, 25 Abb. N. C., 191; *Halsey* v. *Tradesman's National Bank*, 24 N. Y. St. Rep., 953; *Ransom* v. *Wetmore*, 39 Barb., 104; *Davis* v. *N. Y., L. E. and W. R. R. Co.*, 110 N. Y., 646.)

Assuming, however, that the court below had the power to allow the amendment in question, I think it was a case where the court should not have exercised such power. It was not in furtherance of justice to do so.

The plaintiff knowing that his action was commenced over three years after the accident, which he claims was caused by the negligence of the defendant, and after the alleged settlement and promise

by defendant to pay $500, elected to bring the action on the original cause of action, and not upon the subsequent promise of defendant. The defendant answered it alleging that the claim on which the action was founded was barred by the statute of limitations. The answer was served long before the trial. Plaintiff was, therefore, not taken by surprise. Knowing that such an answer was interposed and knowing all the facts, he elected to come to trial and was defeated. Under the circumstances the defendant was entitled to a judgment dismissing the complaint. The plaintiff elected to come to trial on his pleading as it stood; and having been defeated, it was not, I think, in furtherance of justice to allow him to substitute a new cause of action to save himself from such defeat.

It was a case where the complaint should have been dismissed. Had that course been taken the judgment on such dismissal would not have been a bar to a subsequent action on the contract of settlement if the plaintiff had, in fact, any cause of action thereon. I should doubt, however, whether plaintiff had such cause of action. After such settlement he elected to bring his action on the original claim for defendant's alleged negligence, which shows his understanding that such claim was not settled by the agreement set up in his amended pleading. Also, in such amended complaint the allegation is that the cause of action was settled not by the agreement to pay $500, but by the agreement and $500 so to be paid. In other words, by the agreement and its performance. Therefore, it is quite doubtful whether the contract of the parties, as alleged in the amended complaint, is an accord and satisfaction on which an action can be maintained. The original cause of action remained as the plaintiff evidently understood it did. (See *Kromer* v. *Heim*, 75 N. Y., 577.) However, it is not necessary, in consequence of the views above stated, to pass upon this point.

The order should be reversed, with ten dollars costs and printing disbursements to the defendant, and the motion to amend denied, with ten dollars costs.

Herrick, J., concurred; Mayham, P. J., not sitting.

Order reversed, with ten dollars costs and printing disbursements, and motion to amend denied, with ten dollars costs.