FRANKLIN BANK NOTE COMPANY, Plaintiff, *v.* CHARLES W. MACKEY, Defendant.

*Agency — evidence admissible to establish it — if the facts are undisputed a question for the court — if disputed, one for the jury.*

It is impossible to lay down any inflexible rule by which it can be determined what evidence is sufficient to establish an agency in any given case; but it may be said in general terms that whatever evidence has a tendency to prove the agency is admissible, even though it be not full and satisfactory, in which case it becomes the province of the jury to pass upon it.

Where the facts are undisputed the court, upon the trial of an action in which the question of agency is involved, will determine as a matter of law whether they create an agency; otherwise the question of agency is one of fact for the determination of the jury.

MOTION by the plaintiff, the Franklin Bank Note Company, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the verdict of a jury in favor of the defendant, rendered by direction of the court after a trial at the New York Circuit on the 5th day of October, 1893.

*William J. Gibson*, for the plaintiff.

*Henry L. Burnett*, for the defendant.

O'BRIEN, J.:

This action was tried at Circuit and a verdict directed for defendant, and the exceptions were ordered to be heard in the first instance

FIRST DEPARTMENT, JANUARY TERM, 1895.          [Vol. 83.

at General Term.    The action was for work, labor and services in engraving and printing railway bonds and stock certificates for a corporation, the defendant having guaranteed payment.    The defendant admitted the agreement and guaranty, but claimed that the work was not to be proceeded with until orders to that effect were given, which was never done, and that, therefore, no liability was created.

The plaintiff was a corporation engaged in the business of engraving and printing, and the defendant was interested in the formation of a railway corporation.    In May, 1887, a man by the name of Hall, a stranger to plaintiff, applied to it about furnishing the bonds and stock certificates, stating that he had a bond to engrave and wanted to know the price for which plaintiff would do it.    After several visits, plaintiff gave a price, but Hall was informed that plaintiff would not go on with the work without a guaranty ; and Hall subsequently having proposed defendant as guarantor, the plaintiff's manager prepared in writing a proposal and guaranty, which was signed by such manager and the defendant.    When models were selected, they were taken by Hall to defendant and by him brought back to the plaintiff with a request to its manager to " go on with the work, except the rate of interest."    According to defendant's version, when the proposal or guaranty was signed, defendant fully explained to Hall the condition of the company, that it might go through and it might not, and that it was to be understood that no work was to be done until the defendant was ready.    This, defendant states, was again repeated to Hall when the models were brought for approval, and it was with this understanding, that plaintiff would do no work until further orders, that he indorsed upon the models, " Model approved, May 24, 1887, as far as it goes."

It will be seen, therefore, that the work for which suit is brought was done contrary to the express direction of the defendant to Hall, who, instead of delivering his message to plaintiff, told the latter to go on with the work.    Plaintiff proceeded with the work and engraved so much of the plates and stock certificates as it was then able, and sent proofs of the same to defendant, which were never returned; and it is for the value of the work done between the submitting of the models and the sending of the proofs that the action is brought.

The right to recover is dependent upon the solution of the question as to which of the parties Hall represented as agent in the transaction, the undisputed testimony of plaintiff's manager being that Hall brought the models back from the defendant and told him to go ahead, engrave and print the bonds and stock certificates, except the rate of interest; while the defendant and Mr. Barnes testified without contradiction that the defendant told Hall that he did not want any work done until the plaintiff received further orders. This Hall never communicated to plaintiff.

The court directed a verdict upon the ground that, as a matter of law upon the evidence, Hall was the agent of the plaintiff; and whether this conclusion was justified and the rulings upon evidence were correct, are the questions presented upon this appeal.

The plaintiff or its manager had never seen Mr. Hall until he called about the bonds, and never had any dealings with him before or since, and never expressly authorized him to represent the plaintiff. On the other hand, the defendant had known Hall since he was a boy, knew his father, and Hall had introduced defendant to Mr. Barnes, who was to be the chief engineer of the road, and with whom defendant had his office. The defendant does not appear, however, to have had any relation with Hall beyond such acquaintance, nor does it appear that he authorized Hall to represent the company or himself in the dealings with the plaintiff; but both plaintiff and defendant understood that Hall was engaged in arranging for the engraving of the bonds, for which he was to receive a commission from plaintiff. This latter fact — who was to pay the commisssion — is significant, but by no means conclusive, and it will be noticed upon the evidence as it stood that the question whether Hall was the agent of the plaintiff or the defendant, or of both, was a close one (and one which we do not think could be determined as a matter of law, presenting as we think it did a disputed question of fact). As said in Mechem on Agency (§ 105): "Where the facts are undisputed the court must determine whether they create an agency. * * *" (§ 106): "It is impossible to lay down any inflexible rule by which it can be determined what evidence shall be sufficient to establish an agency in any given case; but it may be said in general terms that whatever evidence has a tendency to prove

the agency is admissible, even though it be not full and satisfactory, as it is the province of the jury to pass upon it." It was important to both parties to be permitted to introduce all competent evidence that they might have which would tend to clear up the disputed question as to whether Hall was the agent of the plaintiff or of the defendant.

Upon the examination of plaintiff's manager, who it is admitted was the person principally representing the plaintiff in the transaction, these questions were asked him : " Did you ever give Mr. Hall any authority to represent the company ? " " Q. Did Mr. Hall ever bring any other matter to your company ? " " Q. Has he ever brought any other work or job since this work ? " These were objected to and the objections sustained, and exceptions taken.

When the defendant was examined the following questions were put to him : " Q. Did he (Mr. Hall) make known to you at that time whether or not he was authorized by this Franklin Bank Note Company to submit propositions ? " " Q. State what took place at that time when he (Mr. Hall) submitted these other propositions, as to what information you gave him about the condition of the enterprise," etc. Though these questions were objected to, the defendant was permitted to answer, going fully into what Hall had stated to him as to his being authorized, and also as to all the conversations that had taken place between the defendant and Hall in the absence of the plaintiff. And such rulings were accentuated when upon the examination of defendant's witness, Barnes, he was asked to tell what was said by Mr. Hall and Col. Mackey in his presence, though as he stated he could not recollect whether any one was present from the plaintiff company or not. This was objected to but was also answered.

These rulings we regard as inconsistent. It may have been a good objection to the first question presented to plaintiff's manager, as to whether he had ever given Mr. Hall any authority, that this called for a conclusion ; but the same objection did not apply to the other questions, which sought to elicit information as to what dealings were had between Hall and the plaintiff, and what his relation was to the company. If the answers to these were to be excluded, then certainly the defendant should not have been permitted to answer the question as to statements of Hall in regard to his being

authorized to act for the plaintiff, or to go fully into the conversations had between them in the absence of the plaintiff. We do not hold that permitting the defendant and his witness to give such testimony was error, but we think that granting leave to present such testimony on defendant's part was clearly inconsistent with the ruling made which excluded the plaintiff from giving similar evidence. If it had been established, when the objections to plaintiff's questions were sustained, that Hall was the agent of the plaintiff, then what occurred or was said between the plaintiff and its agent would not be binding upon the defendant, and would be competent to show what occurred between plaintiff's agent and the defendant even though the plaintiff was not present. But when the rulings excluding plaintiff's testimony were made it had not been established that Hall was plaintiff's agent, the questions being directed to that very point of agency, and, therefore, the inconsistency appearing in the rulings cannot be reconciled.

We think for the errors committed in these rulings the exceptions should be sustained and the motion for a new trial granted, with costs to plaintiff to abide the event.

PARKER, J.:

Plaintiff and defendant each claim to have regarded Hall as the agent of the other. And the case turned on the question whether he was the agent of the one or the other.

On this question plaintiff offered material evidence, which it was entitled to have considered with the other facts proved, which was excluded.

I agree that for this error a new trial should be ordered.

VAN BRUNT, P. J., concurred.

Exceptions sustained, new trial ordered, with costs to plaintiff to abide event.