(8 App. Div. 50)

# ALLEY v. TURCK.

(Supreme Court, Appellate Division, Third Department.   July 7, 1896.)

1. CONTRACTS—CONSIDERATION.

A promise by the surety of a building contractor, to whom the contractor had assigned the money to become due under the contract, to pay the claim of.a subcontractor, if the subcontractor would do certain work on the premises, is without consideration, unless the work specified was something which the subcontractor was not required by his contract to do.

2. SAME—INJURY TO PARTY PROMISED.

The omission of a subcontractor to file a mechanic's lien is a sufficient consideration to support a promise by the contractor to pay the subcontractor's claim.

3. STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER—NEW CONSIDERATION.

A subcontractor, at the request of the contractor's surety, to whom the contractor had assigned the payment to become due under the contract, and who afterwards received the payment, omitted to file a lien, on the promise of the surety to pay his claim. *Held*, that there was a new consideration for the promise, such as would take the case out of the statute of frauds.

Appeal from Ulster county court.

Action by William D. Alley against William J. Turck to recover money alleged to be due plaintiff from one Brundage for work performed under contract with him, and which plaintiff alleged that defendant agreed to pay. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Howard Chipp, Jr., for appellant.

Brinnier & Newcomb (A. S. Newcomb, of counsel), for respondent.

PUTNAM, J.  In the month of March, 1893, one Samuel Brundage contracted to erect for one Robert Mains a house, and to do all the work and furnish all the materials therefor. The plaintiff entered into an agreement with said Brundage to do the mason work required by said contract. The defendant was a surety for Brundage, becoming responsible to Mains for the completion of the house according to the contract. Brundage was then indebted to the defendant, and the latter was about to furnish the former with lumber necessary to perform said contract. Brundage thereupon, and shortly after the execution of his contract with Mains, assigned his (Brundage's) interest in said contract to the defendant, in form, by an absolute assignment, but intended as a security to the latter. After the assignment, Brundage proceeded to erect the house and perform the contract, and received from the owner the greater part of the payments due on the contract. The last payment, however, of $1,100 was collected by the defendant. After the plaintiff claimed to have completed his mason work under his agreement with Brundage, he testified that he had the following conversation with the agent of the defendant:

"I went down to see Mr. Turck, and I said: 'Mr. Turck, what is there about my money on the Mains job? I have begun to get uneasy, and if I

don't get any money, I will put a lien on it.' He said: 'There is nothing to be uneasy for. Don't put a lien on it. We are Mains' bondsmen, and, when Mains pays us, we will pay you every dollar you have got in it.' * * * On the Monday after, I went and saw Mr. Turck. He said Mr. Mains was finding fault with regard to the cellar bottom. He said as soon as he was satisfied, he would pay me every dollar I had in it. He said him and I were the men that had to deal. I had nothing to do with Brundage, no more than a man out West. He said that Mains insisted upon having the bottoms ripped wholly out. * * * Mr. Turck then told me to go on, and put on the cement, and he would pay every dollar. I did so."

The plaintiff further said that, relying upon the promise of Mr. Turck, he did not file a notice of lien. The above-quoted testimony of the plaintiff is denied by that of the defendant's agent, but its truth must be deemed established by the verdict of the jury.

The plaintiff brought this action upon the said promise of the defendant to pay the balance of his claim against Brundage, and recovered in the court below. It was shown that, after the promise, the defendant received from Mains $1,100, the balance due on the contract, but that he refused to pay the plaintiff according to his agreement. The defendant insists that the promise of the defendant, on which the plaintiff seeks to recover, was without consideration, and, if otherwise, was a promise to answer for the debt of another, and, not being in writing, was void by the statute of frauds.

I concur with the view of the learned counsel for the appellant that the additional work put upon the cellar bottom of the Mains house by the plaintiff at the request of the defendant, after the conversation above detailed, did not constitute a sufficient consideration for the promise of the defendant, upon which the action was brought. The plaintiff contracted to do mason work to the entire satisfaction of the owner. It appeared that Mains was not satisfied, and it was not shown that his objection to the work was unreasonable. Hence, the plaintiff failed to show that, in performing the additional work on the cellar bottom at the request of the defendant, he did what he was not legally compelled to do.

I think, however, that the omission of the plaintiff to file a notice of lien at the request of defendant's agent, and upon the promise of the latter to pay the balance due the former, afforded a sufficient consideration for the promise. It was said by Comstock, J., in Mallory v. Gillett, 21 N. Y. 412–414, where a creditor released a lien he had on a canal boat at the request and upon the promise of the defendant to pay the amount of the plaintiff's claim, "the consideration was perfect." Here the plaintiff waived his right to file a lien at the request of the defendant, and relying on his promise. There was a sufficient consideration for the promise. But, as held in the case cited, it requires something more than a sufficient consideration to support a promise to answer for the subsisting debt of another to take the case out of the operation of the statute of frauds. It requires a new consideration, beneficial to the promisor. Where there is such a new consideration beneficial to the promisor, the statute of frauds will not apply. Thus, in White v. Rintoul, 108 N. Y. 222, 15 N. E. 318, it was held as follows:

"It seems a promise to pay a debt of another, antecedently contracted, where the primary debt still subsists in original, and so valid within the statute of frauds, although not in writing, when it is founded on a new consideration, moving to the promisor, and beneficial to him, and when by the promise he comes under an independent duty of paying, irrespective of the liability of the principal debtor."

See, also, Mallory v. Gillett, supra; Ackley v. Parmenter, 98 N. Y. 425; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516; Robinson v. Iron Co., 39 Hun, 634.

At the time when the promise of the defendant was made on which the plaintiff seeks to maintain this action, the latter was entitled to file a notice of lien, which would have secured the payment of his claim. He omitted to do so at the request of the defendant, and on the promise of the latter to pay the balance due him. The defendant at the time was responsible to Mains for the completion of the house by Brundage, according to the terms of the contract. He also had an assignment of the interest of Brundage in the contract with Mains, and was entitled to receive the balance due from the latter to the former, and, after the promise counted on by the plaintiff, did receive $1,100, the amount of such balance. If the plaintiff had filed a notice of lien, Mains would have been entitled to deduct the amount thereof from the sum to be paid the defendant. In consequence of plaintiff's omitting to file a lien, the defendant received from Mains $70.90 more than he would had the lien been perfected. Hence, the defendant was directly benefited by the omission to file a notice of lien, induced by his promise.

It follows that there was a new consideration for the promise of the defendant, on which the plaintiff relies, viz. the omission of the latter, at the request of the former, to perfect a lien by which he could have secured the payment of his claim. This consideration was one moving to the promisor, and beneficial to him. Therefore, the promise of the defendant to pay the debt due from Brundage to the plaintiff, although the primary debt still subsisted, was original, and valid within the statute of frauds. By the promise, under the circumstances, the defendant came under an independent duty to pay the plaintiff's claim, although the liability of Brundage continued. White v. Rintoul, supra.

In this view of the case, it is unnecessary to consider whether or not the verbal release of Brundage by the plaintiff was valid. The contract under which plaintiff claimed was a new agreement, founded upon a new consideration, beneficial to the defendant, and under which he became obligated to pay the balance due the plaintiff, although the liability of Brundage continued.

The judgment should be affirmed, with costs. All concur.