to show that, had his request been complied with, the costs and expenses of caring for the property would have been very much reduced, then the sheriff would only be entitled to such an allowance as would equal the reduced sum of the expense, and his bill would thus be diminished proportionately. As the justice who taxed the fees seems to have concluded that the sheriff could act in the care of this property without any regard to such request, we think the determination thereon should not be supported, but that the case should be remitted to the special term for its disposition, upon such proof in respect to these two items as the parties may produce.

The order should be reversed, and the matter remitted to the special term for disposition. All concur.

---

MANETTI v. DOEGE.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

STATUTE OF FRAUDS—NEW AND INDEPENDENT CONTRACT—CONSIDERATION MOVING TO PROMISOR.

     Plaintiff was employed by a subcontractor to build a foundation. During the progress of the work, plaintiff told defendant, the owner of premises, that he was afraid that he would not be paid by the subcontractor, and therefore intended to abandon the job, whereupon defendant told him to go ahead and finish the work, and he would pay him; not to mind about the subcontractor. *Held*, that defendant, in consideration of the benefit to him from uninterrupted work, made a new and independent contract with plaintiff, enforceable by plaintiff on completion of the work.

Appeal from municipal court, borough of the Bronx.

Action on contract by Frank Manetti against Paul Doege. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

William W. Shaw, for appellant.
J. C. Julius Langbein, for respondent.

HIRSCHBERG, J. The defendant contracted with one Manger to build him a house. Manger sublet the contract to one Putts. Putts subcontracted part of the work, including the cellar and foundation, to one Scully, and Scully employed the plaintiff to build the foundation for the sum of $60. While the work was in progress, defendant visited the job, whereupon plaintiff stopped work and entered into a conversation with the defendant. He told the defendant, in substance, that he was afraid he would not be paid by Scully, and that he therefore intended to abandon the work. The defendant thereupon said to him: "Go ahead and finish the work, and I will pay you. Never mind about Scully." The plaintiff completed the work on the faith of this promise, and, in default of payment, has sued and recovered as on an original undertaking.

The general rule, undoubtedly, is that an agreement to do what one is under contract to do will not furnish a sufficient consideration to support a promise. In the cases cited by the appellant the

existing engagement or contract was made with the promisor, and not, as in this instance, with a third person. The plaintiff here was under no engagement or contract with the defendant. The defendant could not compel the plaintiff to continue the work, inasmuch as the latter had not contracted with him to do it. Nor would an agreement to do what one is under contract to do be sufficient consideration to support a promise made by a third person, unless some new consideration exists at the time of the promise, as between the promisor and promisee. And that is the situation here. The defendant had an interest in the prompt prosecution of the work. The plaintiff, apprehensive of losing his pay, had concluded to throw up the job, and take the chances of any claim by Scully for damages. The defendant thereupon, in consideration of the benefit resulting to him from uninterrupted work upon the house, made a new and independent contract with the plaintiff, by the terms of which the latter consented to, and did, proceed with the work, instead of abandoning it, and in consideration of which the defendant promised to pay the entire $60. This was a valid and enforceable contract, under the authorities. King v. Despard, 5 Wend. 277; Lattimore v. Harsen, 14 Johns. 330; Alley v. Turck, 8 App. Div. 50, 40 N. Y. Supp. 433; Stewart v. Keteltas, 36 N. Y. 388; Pond v. Starkweather, 99 N. Y. 411, 2 N. E. 42; Scotson v. Pegg, 6 Hurl. & N. 295; Munroe v. Perkins, 9 Pick. 298.

The judgment should be affirmed, with costs. All concur.