(64 App. Div. 550.)

COX v. HALLORAN.

(Supreme Court, Appellate Division, Second Department. October 24, 1901.)·

1. COMPLAINT—EVIDENCE—VARIANCE—AMENDMENT.
    Where plaintiff alleged that he sold lumber to defendant at his request, for which he promised to pay, and plaintiff's evidence was that he sold and charged the lumber to a contractor who was building defendant's house, and that defendant thereafter promised to pay therefor, it was·

not error to deny plaintiff's motion to amend his complaint to conform to the proof, since such amendment would change substantially the claim of plaintiff, and therefore was not authorized by Code Civ. Proc. § 723.

2. SAME—WAIVER OF LIEN—REQUEST.

Where plaintiff had sold lumber to a contractor who was building defendant's house, and had a lien for a portion thereof, and defendant promised to pay for such lumber if the lien was not enforced, and for that thereafter furnished, plaintiff may recover for that for which he relinquished his lien and for that thereafter furnished, under a complaint alleging a sale to defendant.

Appeal from trial term, Dutchess county.

Action by Edward A. Cox against John Halloran. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

W. Farrington, for appellant.

W. E. Hoysradt, for respondent.

JENKS, J. Ducker & Co., builders, contracted with Halloran to build a house for him. For this purpose Ducker & Co. obtained lumber from the firm of which plaintiff is the surviving member. Plaintiff sues Halloran for a balance due upon the price of the material, and complains that between August 15, 1899, and December 27, 1899, Halloran became indebted to him in $918 for lumber furnished to Halloran by the said plaintiff, all at Halloran's special instance and request, and for which the said Halloran promised and agreed to pay the plaintiff. The plaintiff's testimony varied radically from his pleading. That testimony, together with his bills and statements, clearly shows that he made the sale to Ducker & Co., the contractors, and that he sought to hold Halloran upon his promise to pay the indebtedness of that firm for such material. In fact, he admitted as much. The learned counsel for the appellant, appreciating the variance, moved at the close of his case to amend the complaint to conform to the evidence. The defendant objected on the ground that this would change entirely the form of the action, and the learned trial court sustained the objection under exception. We think that this ruling was right. The amendment would have changed substantially the claim of the plaintiff, and therefore was not within the purview of section 723 of the Code of Civil Procedure. Wheeler v. Hall, 54 App. Div. 49, 66 N. Y. Supp. 257; Mea v. Pierce, 63 Hun, 400, 18 N. Y. Supp. 293, and cases cited; Benner v. Transportation Co., 80 Hun, 412, 30 N. Y. Supp. 290. In Wheeler v. Hall, supra, Woodward, J., cites the language of the court in Southwick v. Bank, 84 N. Y. 420, 429:

"Pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary."

The case at bar affords an apt illustration of the wisdom of the rule. The plaintiff now insists that the judgment should be reversed. The defendant contends that the alleged promise proved was within

the statute of frauds. The plaintiff replies that before the statute can be invoked it must be pleaded. But the complaint was ordinary assumpsit, and there was no reason for the plea of the statute of frauds. It is now invoked to meet the shift of the plaintiff from his declaration to his proof of Halloran's promise to pay the debt of Ducker & Co. The defendant was not precluded from opposing the motion for the reason that it was elicited upon the issue whether the lumber had been sold to the defendant as charged in the complaint. The doctrine of Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516, does not certainly apply to any items delivered previous to the period before the early part of October, for the plaintiff does not contend that he had any conversation with defendant, or even with Thomas, the alleged agent of the defendant, before that time. But there is testimony that the material delivered after the early part of October was upon the express request of the defendant. It is stated that some transactions relative to the material last referred to were had with Thomas, the superintendent and alleged agent of the defendant. The authority of Thomas was denied, but I think that this question of agency should have been determined by the jury. Bank Note Co. v. Mackey, 83 Hun, 511, 31 N. Y. Supp. 1057, affirmed in 155 N. Y. 685, 50 N. E. 1117, and 157 N. Y. 674, 51 N. E. 1090. The liability of the defendant, then, for the material delivered after the early part of October, might be litigated under the pleadings (Raabe v. Squier, supra), and should have been submitted to the jury. And the same is true as to any material upon which the plaintiff might yet have enforced a lien, in view of the testimony that Thomas requested the plaintiff not to file any lien thereon (Alley v. Turck, 8 App. Div. 50, 40 N. Y. Supp. 433), provided, of course, Thomas was vested with authority to make such request.

The judgment must be reversed, and a new trial granted, with costs to abide the event. All concur.