### COX v. HALLORAN.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. STATUTE OF FRAUDS—ORIGINAL PROMISE.
    The promise of the owner of a building to a materialman who had supplied the contractor, and who was threatening to file a lien and take away the material not already used on the ground that the contractor was not responsible, to pay his bill, and be responsible for all additional material, in consideration of his not putting on a lien, is an original promise, and not within the statute of frauds.

2 NEW TRIAL—VERDICT—SETTING ASIDE.
    There being ample evidence to support a finding of agency, a verdict so finding should not be set aside as against the evidence, unless the preponderance is so great that the ends of justice will not be met by allowing it to stand.

Appeal from Special Term, Dutchess County.

Action by Edward A. Cox against John Halloran. From certain orders plaintiff appeals. Reversed.

¶ 1. See Frauds, Statute of, vol. 23, Cent. Dig. § 56.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

W. Farrington, for appellant.

W. E. Hoysradt, for respondent.

HOOKER, J. In the year 1899 the defendant contracted with the firm of Ducker & Co. to erect a dwelling for him. The copartnership of which the plaintiff is the surviving member sold to Ducker & Co. a large amount of lumber, which entered into the construction of the house, and in October of that year the firm was indebted to the plaintiff in a large sum on that account. The plaintiff alleged and proved that at that time he had a talk with one Thomas, who he claimed was an authorized agent of the defendant, in which he stated that the contractors were not responsible; that he would remove from the premises such lumber as had not been used, and file a lien for the balance; that Thomas asked him to wait, and the next day told him that he had seen the defendant, and that the defendant wished him not to put a lien on the house, and promised to pay plaintiff's bill, and be responsible for all additional lumber; that in answer the plaintiff said, "All right, I will continue to deliver lumber there;" that the contractors never paid the balance due the plaintiff; and that a lien, if filed at the time this conversation took place, would have been valuable, but that when defendant declined to pay plaintiff's claim it would have been futile to proceed by lien. The case was submitted to the jury, and they found a verdict for the plaintiff for the full amount of his demand, upon which judgment was later entered in plaintiff's favor. Thereafter defendant moved to set aside the judgment because it was against the weight of evidence and contrary to law, and the County Court granted the motion, with $10 costs, the order reciting that "it is granted because the said verdict is against the evidence and contrary to law."

In deciding the motion, the learned county judge filed an opinion in which he reaches the conclusion, inter alia, that the agreement between the parties, through Thomas, the agent, was void on account of the statute of frauds, not being in writing, and that the promise to pay the plaintiff for the antecedent debt is not original, because not founded on a new consideration moving to the promisor and beneficial to him. The opinion cites several cases which undoubtedly correctly state the law as applicable to the facts therein, but the attention of the court seems not to have been called to Mannetti v. Doege, 48 App. Div. 567, 62 N. Y. Supp. 918, and Alley v. Turck, 8 App. Div. 50, 40 N. Y. Supp. 433. These two cases are controlling upon the proposition of law presented, and are authority to sustain the appellant's view. The order, in so far as it granted defendant a new trial as contrary to law, was, therefore, we think, wrong.

The order is based, however, as well upon the ground that the verdict is against the evidence. Upon a former appeal in this case from a judgment in favor of the defendant, entered upon the dismissal of the complaint (Cox v. Halloran, 64 App. Div. 550, 72 N. Y. Supp. 302), it was held by this court that there was sufficient

evidence upon the questions of the agency of Thomas and whether he had made the promises alleged to go to the jury. Upon the retrial additional evidence was introduced affecting the question of the agency of Thomas. Until the recent amendment of section 1340 of the Code of Civil Procedure, the old General Term possessed no power to review an order of the County Court setting aside a verdict as against the weight of evidence. Tucker v. Pfau, 70 Hun, 59, 23 N. Y. Supp. 953; Hand v. Dorchester, 43 Hun, 33. The present language of that section gives to the Appellate Division now, however, power to review judgments and orders granting or refusing new trials on account of the weight of evidence to the same extent as the same questions may be reviewed upon appeal to the Appellate Division of the Supreme Court from a final judgment or order granting or refusing a new trial entered by the same court. This requires a review of the evidence, that it may be determined whether there was any such preponderance in defendant's favor as to call for the setting aside of the verdict as being against the weight of evidence. The plaintiff testified that defendant informed him a few days before the alleged agreement that Thomas, whose agency is in dispute, was coming up to plaintiff's home, and would represent him (the defendant), and, if he wanted any lumber, to let him have it. This is corroborated by the evidence that Thomas did in fact order lumber from the plaintiff, and that later defendant paid for it. It appears that one Dunn was the general manager of the defendant's business, and everything of a similar nature to that in suit was left to him by the defendant. The witness Smith produced a letter written by Dunn to him, stating that Thomas had been employed by the defendant as his representative, and hoping that Smith would treat him as such, and accord him all the facilities possible to enable him to do the defendant's work. Dunn, sworn on behalf of the defendant, admits his general agency, and does not deny writing the letter to the witness Smith concerning Thomas. One Swift, also called by plaintiff, testifies that he received a letter by the hand of Thomas from either defendant or Dunn in substance that Thomas, the bearer, would have supervision of the work of the defendant, and requesting the witness to confer with Thomas in relation to anything that witness might have in connection with the matter. Proof that the letter had been destroyed prior to the trial laid the foundation for parol evidence in relation to its contents. The defendant himself testifies that Dunn had charge of the details of defendant's work, paid the bills, made the contract for him, and acted as his agent and attorney. In addition to this evidence a number of witnesses were called by the plaintiff, who describe the conduct of Thomas toward the work. These were all acts consistent with a general agency for the defendant, and those who observed him about the work could have logically formed no other opinion than that he was defendant's agent there. On the other hand, the defendant, Dunn, and Thomas all swear that the latter was not the defendant's agent, and offer an explanation of the history of the relations between them. The respondent also attacks the finding that Thomas made the plaintiff the promise alleged and proved, but upon this

question the only direct evidence is that of the plaintiff in support of the promise and that of Thomas against it. We think that the case was fully and fairly presented to the jury, that there was ample evidence to support their finding, and that there was no such weight of evidence against it as called for the interference of the court. It is possible that the character of the evidence adduced by the defendant may be more convincing upon some minds than that which the plaintiff offered, but the court should be satisfied before nullifying a verdict of a jury that the preponderance is so great that the ends of justice would not be met by allowing it to stand. These views lead to a reversal of the order granting a new trial, with costs, and render it unnecessary to pass upon the appeal from the order denying the motion to correct the stenographer's minutes.

Order setting aside verdict and directing new trial reversed, and judgment directed on verdict, with costs. All concur.