VON DER BORN v. SCHULTZ.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

NEW TRIAL—GROUNDS—VERDICTS AGAINST EVIDENCE.

Where the evidence in a cause is so evenly balanced that reasonable men might differ as to the inferences that might be drawn therefrom, and it is fairly submitted to a jury, the court ought not, in the exercise of its discretion, to set aside the verdict rendered on the ground that it is against the weight of the evidence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 137.]

Appeal from Trial Term, Queens County.

Action by John Von Der Born against Anton Schultz. From an order setting aside the verdict and granting a new trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Robert C. Beatty, for appellant.
Brainard Tolles, for respondent.

RICH, J. It is clear from an examination of the record that no exceptions were taken upon the trial that would justify the learned trial justice in disturbing the verdict of the jury, and it is equally clear that no ground could be urged for such a disposition of the case with any force save possibly it might be claimed that the verdict was contrary to the evidence. We have carefully read the evidence given upon the trial, from which it will not be necessary to quote. The order entered the day following the trial, reciting that the verdict is set aside and a new trial granted because the verdict is contrary to the evidence, is contrary to law, upon the exceptions, and upon all the other grounds stated in section 999 of the Code of Civil Procedure ought not to have been entered. The record of the proceedings at the close of the trial is as follows:

"June 8th, 1904. Met pursuant to adjournment. The clerk read the verdict of the jury, as follows: 'We, the jury, say we find a verdict for the plaintiff for the sum of $10,000.' Defendant's Counsel: If your honor please— The

Court: I do not want to hear anything. I will set this verdict aside on the spot. These twelve men who sit in the box, in my opinion not one of them is fit to sit on the jury, and they are discharged for the term. Plaintiff's Counsel: I take an exception to the setting aside of the verdict. Defendant's Counsel: Shall I enter an order upon that? The Court: Yes."

Counsel for defendant very likely intended to move for a new trial. The record, however, does not show that he did, but discloses the fact that the verdict was set aside upon the court's motion. In the opinion filed the ground upon which the order was made is stated as follows:

"I think it is technically against the weight of evidence, but I prefer to put the order for new trial upon my instinct that it is corrupt as well as false, and that the interests of pure justice will be served by submitting the case to another jury."

A careful examination of the record does not disclose any evidence that the verdict was the result of corruption. We do not understand that the verdict was set aside on the ground that it was against the weight of evidence, as argued by the learned counsel for the respondent. That would have been an improper disposition of the case. The facts were sharply contested upon the trial, and reasonable men might differ as to the result that ought to have been reached by the jury. The justice presiding was undoubtedly of the opinion that the plaintiff had failed to establish his cause of action. The jury decided otherwise. Where the evidence in a case is so evenly balanced that reasonable men might differ as to the inferences to be drawn therefrom, and it is fairly submitted to a jury, the court ought not, in the exercise of its discretion, to set aside the verdict reached as against the weight of the evidence. "The court should be satisfied, before nullifying a verdict of a jury, that the preponderance is so great that the ends of justice would not be met by allowing it to stand." Cox v. Halloran, 82 App. Div. 639, 640, 81 N. Y. Supp. 803.

We think the discretion of the learned trial justice was improperly exercised, and that the order setting aside the verdict ought to be reversed, and judgment directed upon the verdict, with interest from January 10, 1899, to June 9, 1904, with costs, without prejudice to the defendant, however, to move within 30 days at Special Term to set the verdict aside upon such grounds as he may be advised. All concur.

---

### McCARTHY v. INTERURBAN ST. RY. CO.

#### (Supreme Court, Appellate Term. May 2, 1905.)

APPEAL—REVERSAL ON FACTS—MANUFACTURED TESTIMONY.

Where, on a retrial after reversal, plaintiff and her son, who were the only witnesses, supplied testimony for a want of which on the first trial the Appellate Court had reversed the judgment, and had so indicated in its opinion, and flatly contradicted statements made by them with the utmost positiveness on the first trial, when such statements were shown upon the retrial to be contrary to physical facts, and gave no satisfactory explanation of their omission to give the necessary proof on the first trial, nor of the contradictions between the testimony as given on the two trials,