HIRSCHMAN v. FIREMAN'S FUND INS. CO. OF SAN FRANCISCO, CAL.

(City Court of New York, Trial Term.  June, 1910.)

1. INSURANCE (§ 544*)—PROOF OF LOSS—BILLS AND VOUCHERS.
   The standard fire policy does not require bills and vouchers for the purchase of property in the premises at the time of the fire to be all in English.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1348;  Dec. Dig. § 544.*]

2. NEW TRIAL (§ 72*)—VERDICT CONTRARY TO EVIDENCE.
   Before a verdict should be set aside as against the evidence, the court should be satisfied that the preponderance of the evidence is so great against it that the ends of justice will not be met by allowing it to stand.
   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148;  Dec. Dig. § 72.*]

3. WITNESSES (§ 255*)—REFRESHING MEMORY.
   A witness in testifying may, to refresh her memory, refer to a memorandum of items sworn to be correct.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890;  Dec. Dig. § 255.*]

4. INSURANCE (§ 665*)—FIRE INSURANCE—PROOFS OF LOSS.
   That the proofs of loss from fire are for $953, while the verdict is for only $600, does not establish that the proofs were fraudulently exaggerated, so as to render the policy void.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1724;  Dec. Dig. § 665.*]

Action by Paul Hirschman against the Fireman's Fund Insurance Company of San Francisco, Cal.  There was a verdict for plaintiff, which defendant moves to set aside.  Denied, on condition of reduction of verdict.

John L. Bernstein, for plaintiff.
Crisp & Randall, for defendant.

FINELITE, J.  The jury awarded the plaintiff the sum of $600 damages for loss of property occasioned by fire under a policy of insurance (standard form) issued to plaintiff by defendant.  The insurance under said policy covering plaintiff's property was divided as follows:  $500 on stock of groceries;  $100 on store furniture, fixtures, etc.;  $400 on household furniture, etc.  The defendant, immediately on rendition of said verdict, moved to set it aside on the ground that the same was against the evidence, and the weight of evidence, and for excessive damages.  The court thereupon entertained said motion.

It appears from the facts testified to herein that the plaintiff resided in premises situated at Hillside and Fairview avenues, Corona, Long Island, occupying the upper floor for living purposes and the basement of said premises for grocery business, all covered by a policy of insurance issued to him by defendants for the sum of $1,000; that in the morning of April 9, 1909, a fire broke out in the basement of said premises, and the stock of groceries and fixtures were totally destroyed and household goods damaged; that a proof of loss was served on the defendant's agent, setting forth the total loss at the sum

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of $953. The evidence of the plaintiff shows that the furniture and household goods destroyed were of the value of $400, fixtures in the basement store at $150, and the value of the merchandise therein at a loss of $288, or thereabouts.

The defendant contends that the plaintiff made a false and fraudulent overvaluation in his alleged proof of loss, in that the amount of damage was far in excess of the amount proved at the trial, and that thereby the policy became void. The plaintiff proved by his own evidence the value of the furniture, fixtures, and merchandise, and was corroborated in this respect by his wife and a witness by name of Kauffman. The defendant's witnesses testified that said plaintiff offered to sell the stock of merchandise and fixtures for $75; that $40 was offered and refused. Without going into the facts as to the occurrence of the fire, the amount of merchandise in the premises at the time of the fire, all of which were carefully brought out on the trial, and as the jury after mature deliberation arrived at a verdict in favor of the plaintiff, and fixed his damage at the sum of $600, so that in this respect the verdict rendered by the jury cannot be disturbed, unless the proof adduced in the alleged fraudulent statements made in the proof of loss is contrary to the evidence and contrary to the law. Although the amount set forth in the proof of loss exceeded the amount recovered, and the jury found for the plaintiff in a lesser sum, this does not in itself authorize the court to set it aside. The overvaluation so stated was for the jury, and for it to say whether it was intentionally fraudulent or merely an error of judgment. The plaintiff's wife's evidence to the effect that the values given by plaintiff for the household furniture and clothing was not in any manner contradicted. The jury was at liberty to believe her testimony on the question of fact in this respect or say whether it was false or exaggerated.

It was adduced upon the trial that bills and vouchers for the purchase of the merchandise and other property in said premises at time of fire were submitted on demand of the agent who represented the defendant. It is true some of them were in a foreign language, but a good number in English, and I cannot find from the examination of the standard form of policy in question that any provision is made therein that all bills or vouchers for purchases shall be stated in any one language. The case was fully and fairly presented to the jury, and that there was ample evidence to support their verdict, and that there was no such weight of evidence against it as called for the interference of the court. It may be possible that the character of the evidence adduced by the defendant may be more convincing upon some minds than the evidence which the plaintiff offered; but the court should be satisfied, before nullifying a verdict of a jury, that the preponderance is so great that the ends of justice would not be met by allowing it to stand, and, as was said in Layman v. Anderson & Co., 4 App. Div. 124, 38 N. Y. Supp. 883, Williams, J., writing the opinion:

"The real ground upon which the verdict was set aside was that it was unsupported by the evidence. The learned trial judge evidently regarded the verdict as an improper one to be rendered upon the evidence in the case. He refused to hear any argument upon the motion, but granted it as soon as it

was made. * * * He heard all the evidence, and seemed to have had, at the close of the case, very decided views as to what the verdict should have been. We have examined the record and the evidence, and may have formed our judgment as to what the verdict should have been; but it must be remembered that the case was one for the jury. The verdict was not to be the verdict of the trial court, or of this court, but for the jury; and the question is not whether the trial court was, or this court is, satisfied with the verdict, but whether it is a case in which the parties had a right to the judgment of 12 men as to the facts. If a verdict of a jury may be set aside in any case where the court is not satisfied with it, if the court must be satisfied as well as the jury, the court may as well dispense wih the jury altogether and make the decision itself. The jury is entirely useless and unnecessary. This is not, of course, the rule when the case is one that should properly be submitted to the jury. Its verdict must stand, whether it is satisfactory to the court or not. The parties have a right to try the case before the jury, and to have its judgment as to the facts, and they cannot be deprived of such rights. It is only where the evidence is uncontradicted, or is so preponderating in one direction, that a verdict to the contrary would indicate that the jury was actuated by favor, prejudice, or passion, that the court is justified in taking the case from the jury and determining the facts itself. Where there is a fair conflict in the evidence, where there are witnesses on either side whose credibility is to be determined, especially where the witnesses are parties to or interested in the action, where there are documents, papers, and letters, and circumstances sworn to by witnesses, the effect of which is to be determined and the inferences from which are to be drawn, the question of fact must be determined by the jury, and not by the court. These principles of law are so well settled that no citation of authority therefor is necessary. And where the evidence in a case is so evenly balanced that reasonable men might differ as to the inference to be drawn therefrom, and it is fairly submitted to a jury, the court might not in the exercise of its discretion set aside the verdict reached as against the weight of evidence." Von Der Born v. Schultz, 93 N. Y. Supp. 547, 104 App. Div. 94; Cox v. Halloran, 82 App. Div. 639, 640, 81 N. Y. Supp. 803.

There was some discrepancy in the testimony of the plaintiff's wife as to the contents of the store and rooms, which differed materially from the items of value set forth in the proof of loss; but plaintiff's wife tries to meet the discrepancy by testifying from her memory, and refreshing her memory from the items made out at her request by a representative of the adjuster who prepared the proof of loss, and which items were taken down immediately after the fire occurred. Defendant contends that the evidence was improper in this respect. There was no error in permitting her, while under examination as a witness, to refer to this memorandum of the items for the purpose of refreshing her memory, as these items were the same as contained in the proof of loss, and prepared within a day or two after the fire, and were sworn to be correct both as to the items of value and made up from actual knowledge. Where the items are numerous, and, therefore, difficult to be retained in the memory, the court in its discretion may permit a reference to memorandum proven to be correct both as to the items and their value. To hold otherwise might make a party's right dependent upon unusual strength of memory. Wise v. Phœnix Fire Ins. Co., 101 N. Y. 637, 4 N. E. 634.

The defendant cites and relies upon Sternfield v. Park Ins. Co., 50 Hun, 262, 2 N. Y. Supp. 766, and Anibal v. Ins. Co., 84 App. Div. 634, 82 N. Y. Supp. 600, which in substance hold:

"Where, however, the overvaluation is knowingly made for the purpose of securing that to which the insured is not entitled, it will forfeit the policy under the clause as to fraud and false swearing."

But in all the cases above cited they may be distinguished from the case at bar, as in those cases proof was given on behalf of the defendants that the loss was overstated and the valuation overestimated, and that the false swearing in the proofs of loss was intentionally false, whether by a fraudulent overvaluation of the goods destroyed, or a statement of items which really have no existence, or by an undervaluation of what is saved. Titus v. Glens Falls Ins. Co., 81 N. Y. 410. For an innocent mistake, or, an innocent, though exaggerated, estimate of value will not avoid the policy. Maher v. Hibernia Ins. Co., 67 N. Y. 283. The overvaluation, in order to work a forfeiture, must be so plain that it can be seen that it was offered to work a gross fraud upon defendant. Sturm v. Atlantic Mut. Ins. Co., 63 N. Y. 77; Franklin Fire Ins. Co. v. Vaughan, 92 U. S. 516, 23 L. Ed. 740.

The question of fraud or false swearing is for the jury, and the company is entitled to much consideration at its hands if a clear case of dishonesty is established. But if it appears by the plaintiff's own showing that the statements of value were knowingly and intentionally exaggerated, then, and only in such a case, should the court declare the policy forfeited; and where the discrepancy between a representation of the insured and the finding of the fact of the jury is very great a limit will be reached where the court will intervene and decide as a matter of law that the amount of the error is consistent only with bad faith.

The proof of loss stating the damage at $953, and the jury finding for the plaintiff in the sum of $600, it cannot be said that the amount so found is some evidence of false swearing and overvaluation. To illustrate: Where a house was valued at $1,400, and evidence showed its value to be about $1,000, it was held that the difference did not establish as a matter of law that there had been a breach of warranty under the contract of insurance against overvaluation. The jury by its verdict may have disregarded the evidence of the defendant's witnesses as to plaintiff's actions at the time of the fire, and as to the value of the stock of merchandise in the place of business before the fire, and this the jury were at liberty to do in reaching its verdict.

However, the court is of the opinion that the verdict as found is in excess of the amount proved, and therefore I direct that it should be reduced to the sum of $400, to which reduction the plaintiff should stipulate, or take a new trial, without costs.