STEVE CHAHUNIS, Respondent, v. JOHN NATHANSOHN, Appellant, and Others, Defendants.— Judgment of the Special Term and of the Buffalo City Court reversed on the law and the facts, with costs, and complaint dismissed, with costs in all courts. Memorandum: There is no basis for respondent's apparent claim that the defendant contractors George Lambros and Thomas Ryan have assigned to plaintiff any claims they may have against defendant-appellant or that they have in any legal manner consented that any moneys coming to them on their contract may be paid by the appellant to respondent personally or as assignee of Mike Lignos and Manuel Lambros. Appellant made no independent contract based upon a sufficient consideration to pay the claims of respondent or either of his assignors. The record does not disclose that appellant promised to pay these claimants for the reason that they would not go on with their work otherwise — or for any equivalent reason. Any promise by appellant to pay under this record was a *nudum pactum*. Therefore, respondent can derive no support for his contentions from the rule announced, *e. g.*, in *Mannetti* v. *Doege* (48 App. Div. 567); *Schild* v. *Eckstein Brewing Co.* (108 id. 50); *Block* v. *Galitzka* (114 id. 799). All concur. (The judgment affirmed a judgment of the Buffalo City Court in an action to recover for labor.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

SOL SUMBERG and DIANA R. SUMBERG, Respondents, v. ARTISTIC FURNITURE COMPANY OF DETROIT, MICHIGAN, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event. All concur. (The order denied a motion to change the place of trial in an automobile negligence action.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK SPADORCIO, Appellant.— Judgment of conviction reversed on the facts and a new trial granted on the ground that the finding of the jury that the identification of the defendant was proved beyond a reasonable doubt is against the weight of the evidence. All concur, except Edgcomb and Thompson, JJ., who dissent and vote for affirmance. (The judgment convicted defendant of the crime of robbery, second degree.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

JAMES O. SEBRING, Appellant, v. CLARENCE N. MARTIN and Others, Respondents. — Order affirmed, with ten dollars costs and disbursements. All concur. (The order grants a motion to dismiss the complaint in an action to restrain collection of a judgment.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

VICTOR RAKOWSKI, as Administrator, etc., of CHARLES RAKOWSKI, Deceased, Respondent, v. PAUL MATT, Appellant.— Judgment affirmed, with costs. All concur. (The judgment awards damages for death of plaintiff's intestate in an automobile collision.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.