ROSENSTEIN *et al. v.* BURNS *et al.*

(*Circuit Court, D. Massachusetts.* October 24, 1882.)[1] .

1. **PARTNERSHIP—DISSOLUTION—GROUNDS FOR.**
    Where a person has been induced to enter into a partnership through the deceit of his partner, or where, after entering into the agreement of partnership, he finds that the business cannot be conducted at a profit, he may sue at once, in equity, to dissolve the partnership and wind up its affairs.

2. **SAME—PLEADING.**
    A bill in equity, for dissolution and winding up of the affairs of a partnership, which alleges that the defendant partner willfully neglects to comply with the partnership agreement, that the business is being conducted at a loss, and that complainants were induced to enter into the agreement through defendant's misrepresentations, is not multifarious.

In Equity.   On demurrer.
*W. F. & W. S. Slocum,* for complainants.
*Benj. F. Butler* and *Eugene J. Hadley,* for defendants.

NELSON, J.   This bill is brought to procure a dissolution and winding up of the affairs of a partnership entered into between the parties under a written agreement for the canning of fish and the manufacture of pomace and fish guano, and to continue for the term of five years from July 1, 1881.   The copartnership agreement provides that the plaintiffs shall furnish the capital with which to carry on the business, and shall furnish, also, all materials at cost; that the defendants shall have charge of and superintend the manufacturing department at the factory in Gloucester, keep correct books, and submit weekly statements of the business to the plaintiffs, make good and marketable goods, at the lowest possible cost, in such quantities as the plaintiffs should deem advisable; and that all goods made, except in certain specified cases, should be shipped to the plaintiffs, and be sold by them in New York.   The grounds upon which the dissolution is asked for are the willful and persistent neglect of the defendants to comply with the terms of the written agreement, that the business is being conducted at a great loss, and that the plaintiffs were induced to enter into the partnership, and contribute their capital to the concern, through certain false and fraudulent representations of the defendants as to the nature and extent of the business.   The defendants demur to the bill for multifariousness and for want of equity.

Both grounds of demurrer must be overruled.   The bill states a plain case for equitable relief.   A partner is under no obligation to continue a member of a partnership when his copartner persistently and willfully violates the essential conditions upon which the contract of the partnership rests.   He is not under the necessity of remaining in the firm, and resorting to his action at law upon the partnership contract for redress. He is at liberty to withdraw himself and his capital from the concern whenever it becomes reasonably certain that the business can no longer

[1] Publication delayed by failure to receive copy.

be carried on at a profit, whether through the misconduct of his copartner or from a failure of the business itself.    So, if he has been induced to enter into the partnership contract through the deceit of his copartner, he may withdraw whenever the fraud practiced upon him becomes known.    In neither case is he required to continue in the firm until the partnership expires by limitation of time, but is at liberty at once to ask for a dissolution and a winding up of the affairs of the partnership.

The bill is not multifarious.    It has a simple purpose, the dissolution and winding up of the concern.    Though several grounds for relief are stated, yet they arise out of the same series of transactions, relate to the same subject-matter, and can be conveniently settled in one suit.    They are all properly joined in one bill.    Demurrer overruled.