ELLA R. ARNOLD, Respondent, *v.* LUTHER ADAMS, GEORGE W. TAYLOR and CLARENCE A. BARNEY, Appellants.

*Master and servant — form of discharge of a servant — any claim arising after the discharge is for damages, not for wages.*

Any language by which an employee is notified that his services are no longer required is sufficient to operate as a discharge.

An employee has, after his discharge, no claim against his employer for wages other than those which were due him at the time of his discharge; any further claim must be for damages for a breach of contract.

APPEAL by the defendants, Luther Adams and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 28th day of April, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 14th day of May, 1897, denying the defendants' motion for a new trial made upon the minutes.

This is an action brought by the plaintiff as the assignee of her husband, Charles M. Arnold, to recover the sum of $100, alleged to be due him from the defendants as salary for the month commencing October 25 and ending November 25, 1895.

The plaintiff's husband claims that he was employed by the defendants as a traveling salesman for the period of one year at a salary of $1,200 a year, payable monthly, and $40 a week for traveling expenses, payable every two weeks in advance.

He commenced working on the 25th day of February, 1895, selling goods and making collections for them. Some of these collections Mr. Arnold failed to notify the defendants of, or turn the sum over to them until after the beginning of this action, and some collections that were made in April and June were not accounted for, or the defendants notified by him of his having collected them, until in the month of September.

On the 18th of October, 1895, defendants sent the plaintiff's husband a letter, in which, after speaking of the amount of sales made by him, they say : " We can see no probability of your bringing the business up to a paying basis such as would warrant your taking our line on commission.

"It therefore seems best to us that our trial arrangement be brought to a close with the end of the present month. We do not suppose that you would care to continue an arrangement which has been a losing one for us from the beginning, and which promises nothing better within a reasonable future. We certainly could not afford to continue such an arrangement. We regret exceedingly that the sanguine expectations with which you started in were not realized, and if there is anything we can do for you to advance your interests in any other direction, we shall be pleased to do so."

In this letter to Mr. Arnold they inclosed a check for $180, being his salary for one month, and two weeks' traveling expenses.

On the 23d of October, 1895, apparently in response to a letter from Mr. Arnold, the defendants wrote him another letter, containing, among other things, the following:

"With regard to continuing any longer in our employ, we think the trial thus far has proved so unsatisfactory and unsuccessful, that, taking all the circumstances into consideration, we don't see anything to warrant its continuing, as we are about $1,500.00 poorer that we know of through your relations with us, and do not care to increase it, and as we see no probability of decreasing it, prefer to stop where we are. All the rest of our men have done a good business the past summer; there is, to be sure, more demand for malt liquors in the summer than for distilled goods, yet there is sufficient demand for the latter to warrant a much better showing than you have made, and taking all in all your trial with us has not been a success in any degree.

"Yours, truly,

"ADAMS, TAYLOR & CO."

The check contained in the letter of October eighteenth was the last money either for salary or traveling expenses that Mr. Arnold ever received from the defendants. He says that the amount received for traveling expenses extended beyond the twenty-fifth, and that he traveled until it was exhausted.

On the 7th day of December, 1895, Arnold assigned to his wife all the wages then due from Adams, Taylor & Co., and on the same day an attachment was issued in this action and a levy made upon the sum of $188.31, belonging to the defendants, and in the posses-

sion of Mr. Arnold; and on the twenty-fourth day of December Mr. Arnold sent to the defendants the following letter:

"BALLSTON SPA, N. Y., *Dec.* 24*th*, 1895.

"Messrs. ADAMS, TAYLOR & Co., Boston, Mass. :

"SIRS.— Sheriff has attached money of yours in my hands, and has got the same in his possession. The following: C. L. Clark, $75.11; F. S. French, $21.70; C. E. Shepherd, $15.50; C. A. Hinds, $20.00; James Baxter, $21.00; A. M. Grant, $15.00; A. M. Grant, $20.00; total, $188.31.

"Yours, respectfully,

"C. M. ARNOLD."

The defendants assert that the contract of employment of Arnold was only a conditional one; they further allege that he was to retain no portion of the proceeds of the sales made by him, but was to remit them forthwith to them at Boston. They allege that his services were negligently and unskillfully rendered; that he made collections of moneys belonging to them which he did not remit forthwith or at all, but retained and failed to account for the same, and that they discharged him to take effect the 25th day of October, 1895, and that he has not been in their employ since that date.

The defendant Taylor, in a separate defense, alleges that at the time of the employment of said Arnold, he was not and has not since been a member of the firm of Adams, Taylor & Co.

Upon the trial the jury rendered a verdict in favor of the plaintiff for the sum of $100, and from the judgment entered upon such verdict, and from an order denying a motion for a new trial, the defendants have appealed to this court.

*James L. Scott*, for the appellants Adams and Barney.

*Edgar T. Bracket*, for the appellant Taylor.

*James W. Verbeck*, for the respondent.

HERRICK, J.:

No specific form of words is necessary in order to discharge an employee; any language that gives him to understand that his services are no longer required is sufficient. (*Jackson* v. *Mayor*, 87 Hun, 296, and cases cited; *Ryan* v. *Mayor*, 154 N. Y. 328.)

The letters written by the defendants to the plaintiff seem to me abundantly sufficient to give him to understand that they no longer required his services.

In the letter of October eighteenth they sent him eighty dollars for his traveling expenses, payable two weeks in advance, as their contract required them to do, and which he was entitled to receive when discharged. He testifies that that carried him beyond his month, and that he continued traveling until that money was used up; and so far as the case shows he never made any further requisition upon them for traveling expenses wherewith to continue in their employment, which would seem to indicate that he considered the letters final. He did not render services for them for the full month, so that, in any event, he would not be entitled to his month's salary, having neither performed nor offered to perform services for them during the whole of that period.

Having been discharged, however, whether rightfully or wrongfully, he would have no claim for wages, except for what was due at the time of his discharge; his claim against them would be one for damages for a breach of their contract. (*Howard* v. *Daly*, 61 N. Y. 362.; *Weed* v. *Burt*, 78 id. 191.)

The action here is not one for damages, but for the monthly salary of Arnold, and under the authorities herein referred to cannot be maintained.

Having arrived at this conclusion, it is unnecessary to discuss the other questions raised in the case as to whether Arnold was properly discharged, and as to whether the defendant Taylor was properly made a defendant in the action.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.