perform the contract within the time specified may not be recovered, but that the mere fact of a failure to perform is not a defense to the action. The difficulty with the position assumed by the appellant is that there was no evidence in support of the claim for damages under this head, except that the plaintiffs had failed to perform the work in the time agreed upon; and, in the absence of evidence showing damages, the defendant has failed to establish a counterclaim.

The record shows that there were material modifications and changes made at the suggestion of the architect, with the approval of the defendant; that these required additional time; and the facts justified the decision of the court below that time was not of the essence of the contract in the contemplation of the parties, and that the defendant had estopped himself from insisting upon the time limit of the contract by his own conduct. We fail to find in the case anything to indicate that the trial court has misapplied the law. So far as our attention is drawn to the matter, no evidence was offered in support of the claim for damages, aside from the fact that the contract was not performed on time; and no right of the appellant, therefore, could be involved, even if it be conceded that the court below was led into the error of supposing that the defendant could not recover actual damages growing out of the failure to perform a duty which plaintiffs owed to the defendant under the contract. We are of opinion that the authority cited fully sustains the decision of the court below, in so far as it affects the rights of the appellant at least, and beyond this there is no need to inquire. The damages for injuries to goods, due to the failure of the plaintiffs to exercise that degree of care demanded of them under the circumstances, is fully treated by the court below, and the conclusion reached is supported by the evidence. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

(53 App. Div. 599.)

### WILLIAMS v. CONNORS.

(Supreme Court, Appellate Division, Fourth Department. July 24, 1900.)

PLEADING—BREACH OF CONTRACT—COMPLAINT—JUDGMENT—PRAYER.

> Where a complaint alleged facts sufficient to constitute a cause of action for damages for breach of a contract of employment, the fact that the prayer was for a judgment for wages, instead of for damages, did not render the complaint fatally defective, and hence a judgment dismissing the complaint was erroneous.

Appeal from special term, Erie county.

Action by Luther Williams against William J. Connors. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The complaint alleges: "That on or about the 17th day of May, 1899, at Buffalo, N. Y., the defendant engaged the services of the plaintiff, at his special instance and request, to work for him for the period of seven months from on or about said 17th day of May, 1899, at the rate of $75 per month. The plaintiff did perform services for said defendant in accordance with the terms of said contract from on or about said 17th day of May, 1899, to said 27th day of May, 1899, and was paid by said defendant for said services. That on or

about the 27th day of May, 1899, the defendant wrongfully discharged said plaintiff. That plaintiff then and there refused to be discharged. That plaintiff tendered defendant his services at the time of being so discharged by said defendant and has ever been ready and willing to perform said services for said defendant. That there is now justly due from defendant to plaintiff the sum of $75 for one month's pay. That no part thereof has been paid, although payment has been repeatedly demanded of the defendant by the plaintiff, and said defendant refuses to pay the same. Wherefore plaintiff demands judgmnt of said defendant for the sum of $75, with interest thereon from June 27, 1899, together with the costs and expenses of this action." The record shows that, upon the case being moved for trial, the defendant moved to dismiss the complaint, whereupon plaintiff's counsel moved to amend. The latter motion was denied, and the former granted.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Bertrand Clover, for appellant.
Edward L. Jung, for respondent.

LAUGHLIN, J. Although the record does not disclose the ground of the motion to dismiss the complaint, or the nature of the amendment requested by the plaintiff, it is evident, and it is conceded, that the motion to dismiss was based upon the plaintiff's failure to demand damages, instead of wages, and that the amendment desired was to remedy this supposed defect. While it is well settled that wages can only be recovered in an action on contract and for services actually rendered, yet a wrongful discharge before the expiration of the period of employment gives the employé a right of action for breach of contract, and the damages are presumptively the wages for the full term, or down to the time of the commencement of the action if it be commenced before the expiration of the term of employment; and the burden of showing, in mitigation of damages, that the employé obtained or failed to seek other similar employment, or that he could have obtained it, rests upon the defendant. Howard v. Daly, 61 N. Y. 362; Crawford v. Publishing Co., 22 App. Div. 54, 47 N. Y. Supp. 747; Waldron v. Hendrickson, 40 App. Div. 7, 57 N. Y. Supp. 561; Wieland v. Willcox, 40 App. Div. 213, 57 N. Y. Supp. 1038. Section 481 of the Code of Civil Procedure provides that the complaint must contain a plain and concise statement of the facts constituting the cause of action, and "a demand for the judgment to which the plaintiff supposes himself entitled." Where the facts from which damages naturally flow are stated, and there is a demand for judgment for a certain sum of money, the complaint need not allege in terms that damages have been sustained. Ketchum v. Van Dusen, 11 App. Div. 332, 42 N. Y. Supp. 1112; Kenney v. Railroad Co., 49 Hun, 535, 2 N. Y. Supp. 512. In an action for breach of contract an erroneous demand for relief, or a demand for damages predicated on an erroneous theory, does not deprive plaintiff of the relief to which he is entitled upon the facts pleaded. Muldowney v. Railroad Co., 42 Hun, 447; Colby v. Colby, 81 Hun, 221, 30 N. Y. Supp. 677; Kraft v. Rice, 45 App. Div. 569, 61 N. Y. Supp. 368; Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. 427; Sussdorff v. Schmidt, 55 N. Y. 319. The complaint states every fact essential to a cause of action for damages for breach of the contract of employment, and does not state all the facts essential to constitute

a cause of action for wages. The mere fact that the demand is for $75 wages for the breach of contract, instead of $75 damages therefor, does not render the pleading fatally defective as an action for damages. Waldron v. Hendrickson, supra. But, if the complaint were insufficient in this regard, justice required that the motion to amend should have been granted.

The judgment appealed from should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.