JAMES R. WAITE, Respondent, *v.* MILTON ABORN, Appellant.

*Partnership for the production of operas — dissolved by the court if the business be impracticable — what allegations to that effect are not demurrable.*

A court of equity may dissolve a partnership if it be shown that the business is impracticable or that it cannot be carried on save with loss.

The complaint in an action to dissolve a partnership alleged that the plaintiff and the defendant entered into the partnership for a term of five years to conduct the business of "making productions of operas, extravaganzas and for general amusement purposes." The plaintiff, who agreed to furnish the necessary capital, was to be business manager and the defendant to be stage manager and director, his duties "including the employment and discharge of the actors and the productions, and everything connected therewith, including the engagement and discharge of the musical director." The complaint further alleged that immediately after the articles of copartnership were executed the plaintiff attempted to obtain engagements, but could not obtain "any sufficient places to promise a remuneration for the outlay." He further alleged that while he was making such efforts the defendant, who was then engaged in similar business to that contemplated by the partnership, abandoned his company of singers without paying them and "became of such ill-repute in the business that a successful execution of the contract under him is hopeless for that reason alone."

*Held,* that the complaint was not demurrable;

That it did not allege that the "ill-repute" of the defendant was the sole reason why the undertaking was hopeless, but also charged that the business was impracticable, because the plaintiff could find no field for exploiting the enterprise.

*Semble,* that the allegation that the defendant's "ill-repute" with the dramatic profession rendered the undertaking hopeless was an allegation of fact and not a mere conclusion.

APPEAL by the defendant, Milton Aborn, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of Dutchess on the 10th day of November, 1900, upon the decision of the court rendered after a trial at the Dutchess Special Term overruling a demurrer to the complaint.

*James A. Douglas,* for the appellant.

*Edward E. Perkins,* for the respondent.

JENKS, J. :

This is an appeal from an interlocutory judgment overruling a demurrer alleging that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff seeks a dissolution of a partnership. The action was begun on May 26, 1900. These facts are established : Plaintiff and defendant entered into partnership on March 26, 1900, for a term of five years, to conduct the business of " making productions of operas, extravaganzas, and for general amusement purposes." The plaintiff was to be business manager and the defendant was to be stage manager and director. The plaintiff was to furnish the money, and the defendant, in addition to his share in the profits, was to receive a weekly salary as stage manager and director, of seventy-five dollars, fifty dollars of which was to be charged as an expense against the copartnership. The production of eight operas was within contemplation. The first production was to be given on or before August 1, 1900. The plaintiff complains that immediately after March 29, 1900, he made his greatest efforts to supply cities and towns in which to offer the operas and other music, but could not obtain " any sufficient places to promise a remuneration for the outlay." He also complains that during his efforts the defendant, who was then engaged in similar business to that contemplated by the partnership, abandoned his company of singers, unpaid, in a town of New Jersey, and " became of such ill-repute in the business that a successful execution of the contract under him is hopeless for that reason alone." The learned counsel for the appellant reads the complaint as charging that this " ill-repute " is the sole reason why the undertaking is hopeless. I do not agree to this construction. I think that the pleader means to charge that the ill-repute with the dramatic profession into which the defendant has fallen since the

execution of the articles is, in itself, aside from any other facts, sufficient to make the proposed undertaking hopeless, but, in addition thereto, he charges that the business is impracticable because he could find no field for exploiting the enterprise.

It is well settled that a court of equity may dissolve a partnership if it be shown that the business is impracticable or that it cannot be carried on save with loss. (*Baring* v. *Dix*, 1 Cox Ch. 213; *Sieghortner* v. *Weissenborn*, 20 N. J. Eq. 172; *Rosenstein* v. *Burns*, 41 Fed. Rep. 841; *Holladay* v. *Elliott*, 8 Oreg. 84; *Brien* v. *Harriman*, 1 Tenn. Ch. 467; *Jennings* v. *Baddeley*, 3 Kay & J. 78; Pars. Part. § 364; Lind. Part. [5th ed.] 575 *et seq.*; Story Part. § 290.) The articles of copartnership provide that the plaintiff shall be the business manager, and that the defendant shall be the stage manager and director. While the duties of the plaintiff are not further defined, those of the defendant are specifically limited. He is to have "sole charge of everything behind the curtain, including the employment and discharge of the actors and the productions, and everything connected therewith, including the engagement and discharge of the musical director, subject to the approval and consent of the party of the first part." Inasmuch as the defendant was "stage manager and director," and his duties are thus limited, this is confirmatory proof that the duty of the plaintiff as business manager was to attend to the other matters of the partnership, and all such matters as would naturally fall to him as such and as distinguished from the stage manager and director. The business of successfully conducting an opera or extravaganza company naturally would seem to require the selection of places where profits would be gained from public patronage. Ordinary business prudence would also seem to require that some plan or scheme should be determined upon, or some general forecast made, before any large outlay was made, otherwise the firm would presumably have expended money on the productions, and would have engaged their actors, without the exercise of ordinary business prudence. Such preliminaries would seem as necessary to the theatrical business as the selection of a shop by a shopkeeper before he bought his stuff, or the choice of a millsite by a millowner before he put his money into machinery. Now the plaintiff says that he has been unable to do this, and it stands upon this record as admitted. If this be true, then the scheme appears

impracticable and without the promise of profit. As to the plaintiff's complaint that subsequent to the execution of the articles the defendant, while engaged in similar business on his account, abandoned his company of singers unpaid, in a New Jersey town, and that he became of such ill-repute in the business that these things, by themselves, make a successful execution of the contract under him hopeless, the learned counsel for the appellant insists that the allegation of hopelessness is a mere conclusion, and asks how can the court say from this complaint, which states no facts, that the venture is hopeless? Assume that the plaintiff pleaded that the defendant, subsequent to the contract, became of such ill-repute in the business that no actors were willing to hire out their services to him. If this could be proven, mindful of the provision of the contract articles that the defendant should have sole charge of the engagement and the discharge of the actors, could it be said that this was not a circumstance that might tend to make the performance of the contract by the defendant impracticable? Ill-repute is a fact none the less that it is established by other facts. The plaintiff is not compelled to plead the evidence. Pleadings are not interpreted strictly against the pleader, and allegations which indicate the nature of the plaintiff's claims " are sufficient, if, under them, he would be entitled to give the necessary evidence to establish his cause of action." (*Coatsworth* v. *Lehigh Valley R. Co.*, 156 N. Y. 451.) Even though the allegations are in form argumentative or inferential, this does not necessarily cast the pleader out of court. (*Kain* v. *Larkin*, 141 N. Y. 144; *Sage* v. *Culver*, 147 id. 241.) I think that the Special Term, Mr. Justice DICKEY presiding, properly overruled the demurrer.

All concurred.

Interlocutory judgment affirmed, with costs.