(40 Misc. Rep. 52.)

### BUDD v. HOWARD THOMAS CO.

(Supreme Court, Special Term, Schuyler County. February, 1903.)

1. COMPLAINT—DEMURRER.
   On demurrer to a complaint as not stating a cause of action the question whether it contains redundant or irrelevant matter will not be considered.
2. SAME.
   A demurrer admits the truth of all the facts stated in the complaint.
3. LIABILITY OF PRINCIPAL—CONTRACT OF AGENT.
   Where plaintiff claims to have performed certain labor for defendant at the request and under an agreement with the agent of the defendant, and such defendant accepted the benefit of the work and labor of the plaintiff, he is bound by the contract of his agent.

Action by John S. Budd against the Howard Thomas Company. Demurrer to complaint overruled.

Frank W. Fiero, for plaintiff.
J. W. Barrett, for defendant.

FORBES, J. This is an action to recover for services rendered and performed and for money advanced by the plaintiff for the defendant in the purchase and shipment of six car loads of plums. The defendant is a domestic corporation, duly incorporated under the laws of the state of New York, located and doing business as "packers of canned fruits and vegetables" at Fairport, N. Y. In the month of August, 1901, the defendant, by its agent, one Foley, entered into an agreement with the plaintiff for the purchase of several car loads of plums, to be bought and shipped by the plaintiff, in the vicinity of Hector, Schuyler county, N. Y. Foley was to assist in the loading of said fruit in the cars at Burdette and Hector stations on the Lehigh Valley Railroad. In consideration of such services to be performed by the plaintiff he was to receive, and the defendant was to pay said plaintiff for his services, a commission of one-fourth of one cent a pound for all plums so purchased and loaded upon the cars at said stations. By the terms of said agreement, and under the same, the plaintiff did purchase and load, with the assistance of said agent, six car loads of plums, and the same were delivered at said stations in

the town of Hector between the 31st day of August and the 7th day of September, 1901, inclusive. Said cars contained in all 153,396 pounds of plums. The defendant thereafter received from and accepted the same of the plaintiff. The defendant advanced to the plaintiff at various times sums of money to the amount of $2,700, with which to pay for said plums so purchased and towards his commissions thereon under said agreement. On or about the 31st day of August, 1901, the railroad company refused to bill and forward said plums to the defendant unless the freights and other minor expenses thereon were prepaid. The defendant's agent, Foley, then and there authorized and directed the plaintiff to advance the money with which to pay said freight bills and other expenses for the purpose of preserving and forwarding said plums to the defendant. The plaintiff thereupon did prepay said freight and the other expenses upon said shipment in the sum of $300.85 over and above the amount of money then in the plaintiff's hands. The purchase price of said plums, the freight bills, and other expenses paid by the plaintiff, together with the plaintiff's commissions on said purchase, amounts to the sum of $3,000.85, as the same was computed and adjusted by the plaintiff and said Foley as the agent of said defendant. This computation was made and the balance was fixed and agreed upon by the plaintiff and the defendant's agent on the 7th day of September, 1901. This computation, so made, left a balance due and owing to the plaintiff from the defendant of $300.85. This amount was adopted by the defendant, through its agent, and he then and there agreed that the defendant should pay the plaintiff the sum of $300.85, as the same was found due from the defendant to the plaintiff. These facts are shown by the complaint, and are admitted to be true. The plaintiff then demands judgment against the defendant for the balance so computed and found to be due, with interest thereon from the 7th day of September, 1901, besides the costs of this action. This action was commenced on or about the 11th day of August, 1902, by the service of the summons and complaint on the defendant corporation. On or about the 18th day of September, 1902, the defendant, by its attorney herein, demurred to said complaint, and avers as the only ground that it appears upon the face of said complaint that it does not state facts sufficient to constitute a cause of action.

Section 488 of the Code of Civil Procedure, subdivision 8, provides, "The defendant may demur to the complaint, where the complaint does not state facts sufficient to constitute a cause of action." Section 490 permits this subdivision to be stated in the demurrer in the language of the subdivision, without particularly pointing out the specific grounds of demurrer. Many decisions can be cited showing that the complaint is sufficient where the facts alleged therein are stated in a plain and concise manner, and a demand for judgment thereon is contained in the complaint. The demurrer to the complaint is an admission that all the facts therein stated are true. Code Civ. Proc. § 481; Williams v. Conners, 53 App. Div. 601, 66 N. Y. Supp. 11. If any cause of action is set forth in the complaint, the demurrer must be overruled. Every conclusion, inference, and intendment in the complaint must be used to maintain the integrity of

the complaint and the cause of action therein contained. In a de-
murrer on the ground of the insufficiency of the complaint the ques-
tion is not whether the pleading contains redundant or irrelevant
matter, but whether the complaint contains averments which go to
make up a complete cause of action. The pleadings are not to be in-
terpreted strictly against the pleader, but allegations which indicate
the nature of plaintiff's ·claim are sufficient if, under them, the plain-
tiff would be entitled to give the evidence necessary to establish
his cause of action. Waite v. Aborn, 60 App. Div. 524, 69 N. Y.
Supp. 967. Every intendment and every inference which can be
drawn or implied from the complaint must be used to sustain the
pleading. Marie v. Garrison, 83 N. Y. 23; Milliken v. Western
Union Tel. Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281; Sanders
v. Soutter, 126 N. Y. 193, 27 N. E. 263; Johnson v. Golder, 132 N.
Y. 116, 30 N. E. 376; Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9;
Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Coatsworth v. Lehigh
Valley R. Co., 156 N. Y. 451, 51 N. E. 301; Abbey v. Wheeler, 170
N. Y. 127, 62 N. E. 1074; Roberson v. Rochester F. B. Co., 171 N.
Y. 553, 64 N. E. 442. The last two cases cited hold:

"The facts contained within these allegations must be regarded as admitted
under the defendant's demurrer, as must all other facts which can be implied
by reasonable and fair intendment. If the facts alleged in the complaint
justify a recovery either at law or in equity, it cannot be held that the de-
murrer is well taken, although the pleading may be open to correction by
motion or otherwise. It may be that in this case the facts are not stated
in the complaint with that precision and in the logical order which is said
to be requisite or desirable in good pleading. But where there are facts
enough alleged to entitle the plaintiff to a hearing in a court of justice, the
pleading will be held to state all the facts that can be implied from its alle-
gations by reasonable and fair intendment, and the facts so pleaded are
traversable in the same manner· as though directly and explicitly stated."

The same doctrine is held in Williams v. Conners, 53 App. Div.
601, 66 N. Y. Supp. 11; Fogarty v. Wanamaker, 60 App. Div. 434,
69 N. Y. Supp. 883.

I think the learned counsel for the defendant does not give full
credit to all of the allegations of the complaint. First, the incorpora-
tion of the company is admitted. From its business and location it
is clearly shown that it is a domestic corporation doing business
within the state of New York. The contract was made with the de-
fendant's agent in the month of August, 1901. The kind of work
to be done and the manner in which it was to be performed are fully
set forth in the complaint. The price to be paid by the defendant to
the plaintiff for the work done is made definite. The contract to ad-
vance money to pay freights and expenses is pleaded. The advance
and payments made by the plaintiff by and upon the authority of the
defendant's agent is shown. The purchase of the plums, the deliv-
ery upon the cars, and the payment by the plaintiff therefor out of the
money furnished by the defendant for that purpose is alleged. The
shipment of the goods by the plaintiff and their receipt and accept-
ance by the defendant are alleged in the complaint. The amount
and value of the goods purchased, shipped, received, and accepted
is fully alleged. The amount paid out by the plaintiff and expended

for the defendant is clearly alleged.  The examination of the amounts paid out and expended, and the amounts due for commissions to the plaintiff from the defendant for the work done is alleged and admitted; and that this amount, so stated, left a balance due and unpaid for commissiohs, services, and money advanced is alleged.  That the sum of $300.85 was due and owing to the plaintiff from the defendant after the goods had been accepted by it on the 7th day of September, 1901, is pleaded.  Then judgment is demanded for that amount, with interest from the 7th day of September, 1901, besides the costs of this action.  The complaint, then, taken as a whole, shows first the agreement and the several sums to be disbursed under that agreement; that the plaintiff entered upon the service, and fully performed the services under that agreement; that, when so fully performed, the amount due him for money advanced and commissions unpaid was computed, agreed upon as due and owing from the defendant to the plaintiff, and a promise was made to pay that balance.

The defendant's attorney clearly overlooks the fact that by his demurrer he has admitted that Foley was the defendant's agent; that he was present during the time the contract was being performed; that he asked for the advancement of the funds as the agent of the defendant and for the defendant; that the shipments were made upon and in the performance of this service; that the money was advanced to pay freights; that the goods were received and accepted by the defendant, thus fully ratifying the contract of the agent with the plaintiff, under the agreement that there was due and owing to the plaintiff from the defendant the balance claimed in the complaint.  It is a principle of law that where one party deals with the agent of another party, and the principal adopts and accepts the fruits of the contract so made, he is bound by all of the instrumentalities by and through which the benefit is obtained.  Bennett v. Judson, 21 N. Y. 238; Rumsey v. Briggs, 139 N. Y. 331, 34 N. E. 929.  I do not think the case at bar falls within the case of Tracy v. Tracy, 59 Hun, 1, 12 N. Y. Supp. 665.  The complaint, when carefully scanned, is good within Lent v. N. Y. & M. R. Co., 130 N. Y. 504, 29 N. E. 988.  The question in the last-cited case turned upon the preliminary entering of the order.  That fact was not pleaded, and nothing became due or payable in that case until the entry of the order upon the award.  In the case at bar the complaint shows affirmatively that the amount was due and owing to the plaintiff.  The Rogers Case, 166 N. Y. 381, 59 N. E. 922, is not in point.  This is an action for work, labor, and services done and performed, to be paid for by certain commissions, and for money advanced, paid out, and expended to and for the use of the defendant at his request.  The law implies that services sought are to be paid for, and that the money so advanced and expended upon a request for the defendant's benefit was to be repaid to the plaintiff. The complaint as a whole clearly shows a good cause of action.  The demurrer must be overruled, with costs, with leave to the defendant to answer within 20 days after the entry and service of the interlocutory judgment.

Demurrer overruled, with costs, with leave to defendant to answer within 20 days after entry and service of interlocutory judgment.