(101 App. Div. 306)

### ALLEN v. GLEN CREAMERY CO.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—COMPLAINT.

The complaint in an action for wrongful discharge of an employé need not allege that plaintiff sought and could not obtain other employment, or that he stood in readiness to perform after defendant's termination of the contract of employment.

2. SAME.

The complaint for wrongful discharge of an employé is not insufficient because demanding money as due, rather than by way of damages.

3. SAME—EVIDENCE.

Discharge of an employé is justified where his duty is to separate the cream from milk, and deliver all the cream, while sweet, to the butter factory, and several times during a month quantities of sour cream are discovered standing in cans at the skimming station, undelivered to the factory, and his only excuse is that, if such cream was found, he did not know of it.

Appeal from Trial Term, Montgomery County.

Action by Gilbert Allen against the Glen Creamery Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Robert J. Sanson, for appellant.
Florence J. Sullivan, for respondent.

HOUGHTON, J. The trial court construed the plaintiff's complaint as one for damages for breach of contract of employment, and the recovery of plaintiff was had upon that theory. While the complaint is quite inappropriate for an action of that character, and while the pleader evidently had in mind an action for wages, yet there are sufficient allegations to warrant the court in construing the complaint as one for breach of contract, instead of one for wages alone. An action

¶ 1. See Master and Servant, vol. 34, Cent. Dig. §§ 12, 45.

for damages for breach of contract because of wrongful discharge before the expiration of the term of employment is entirely distinct from an action for wages. Arnold v. Adams, 27 App. Div. 345, 49 N. Y. Supp. 1041. In an action for damages for wrongful discharge, it is not necessary for the plaintiff to aver and show affirmatively that he sought and could not obtain other employment, or that he stood in readiness to perform after the contract had been terminated. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Merrill v. Blanchard, 7 App. Div. 167, 40 N. Y. Supp. 48. The burden rests upon the defendant to show that other employment might have been found, or that it had been offered and declined. Griffin v. Brooklyn Ball Club, 68 App. Div. 566, 73 N. Y. Supp. 864. And the fact that the complaint demands money as due, rather than by way of damages, does not necessarily render it defective. Williams v. Conners, 53 App. Div. 599, 66 N. Y. Supp. 11. Judged by these rules, the complaint contains sufficient allegations to warrant its interpretation as one for damages for breach of contract. But the judgment must be reversed because the evidence was overwhelming that the discharge of plaintiff from the employment of the defendant was proper.

The jury were instructed that if the defendant was authorized, because of the acts of the plaintiff, in discharging him from its employment, the plaintiff had no cause of action, and they must find a verdict for the defendant. In rendering a verdict for the plaintiff, they therefore must have found that the discharge was wrongful.

The plaintiff was employed by the defendant at its skimming station, where milk was delivered by its patrons for the separation of the cream, which was taken from the station to defendant's butter factory, and there made into butter. It was the plaintiff's duty to receive the milk, separate the cream, and deliver all of the latter, while sweet, to the butter factory. During the second month of plaintiff's employment, officers of the defendant discovered quantities of cream, varying from 3 quarts to 20 quarts, and over, in a sour condition, standing in cans at the skimming station, undelivered to the butter factory. These occurrences were testified to by defendant's witnesses Eugene Shelp, Merry, Faulknor, Aschebar, and Rulison; and they are practically undenied by the plaintiff and his witnesses, except as the plaintiff says that, if such quantities of cream were there in such condition, he did not know it. The plaintiff was accused by officers of the defendant with appropriating cream to his own use, and this he denied. So far as the defendant being justified in discharging the plaintiff is concerned, it had as much right to discharge him for neglect of his duty in failing to know that cream was standing about the factory station souring, or failing to send it to the butter factory while in a sweet condition, as to discharge him for converting cream to his own use. The plaintiff well understood that it was his duty to send all of the cream separated, as soon as the process of separation was complete, to the butter factory, before it had soured. Waiving the questions of his unauthorized use of ice and skimmed milk and conversion of cream, his failure to do this was sufficient ground to justify his discharge. That he failed to perform his duty in this regard was practically undisputed, and the verdict of the jury was against the clear weight of evidence. The trial court

should have set aside the verdict and granted a new trial, and his refusal to do so was error.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.　All concur.