## CULLEN v. BATTLE ISLAND PAPER CO.

(Supreme Court, Appellate Division, Third Department.   January 15, 1908.)

PLEADING—AMENDMENTS—ALLOWANCE IN FURTHERANCE OF JUSTICE.

    A complaint in an action by an employé against his employer alleged a hiring for three years, performance by plaintiff, the refusal to perform by defendant, and its indebtedness in a specified sum thereon.  The evidence showed that plaintiff performed all services defendant required of him under the contract, that he was asked to resign, but did not, and was then informed that on account of different arrangements no further work would be required of him, to which he suggested that he had a time contract, to which defendant replied that it made no difference, and that his salary would be paid just the same.  *Held* that, under Code Civ. Proc. § 723, authorizing the court to allow amendments to pleadings in furtherance of justice, the court should have allowed an amendment to the complaint to conform to the proof; there being nothing to show that defendant would be surprised by the amendment.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 603–619.]

    Chester and Cochrane, JJ., dissenting.

Appeal from Trial Term, St. Lawrence County.

Action by Richard J. Cullen against the Battle Island Paper Company.  From a judgment dismissing the complaint at the close of the evidence, plaintiff appeals.  Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John N. Carlisle, for appellant.

Mead, Stranahan & Guile (S. B. Mead, of counsel), for respondent.

JOHN M. KELLOGG, J.  The complaint alleged a hiring for three years, performance by plaintiff, and that the defendant had refused to perform said contract and was indebted $1,000 thereon.  At the close of the evidence defendant moved to dismiss the complaint upon the ground that the action was for wages, and not damages, and the proof shows there is nothing due for wages.  Thereupon the plaintiff asked leave to amend his complaint, which was denied, upon the ground that the court had not authority to make the amendment, to which plaintiff excepted.  The complaint was thereupon dismissed.

The evidence did not necessarily show an illegal discharge of the plaintiff.  He was asked to resign, but did not, and then was informed that on account of different arrangements having been made no further work would be required of him, to which he suggested that he had a time contract, to which the defendant replied it made no difference— that his salary would be paid just the same.  Upon this evidence the jury might well have understood that the plaintiff was relieved from actual service, and was only required to hold himself in readiness to serve, and that his salary was to be paid; that he still remained, within the terms of the contract, in the defendant's employ.  The defendant recognized the continued binding force of the contract and its duty to continue its performance.  In actions for breach of contract for service, the limit of recovery of damages is ordinarily the amount of wages agreed to be paid.  Milage v. Woodward, 186 N. Y. 252, 78

N. E. 873. The payment of the wages, therefore, was the extent of the defendant's liability; and if the defendant was willing that the plaintiff should remain idle, and the plaintiff assented, there is no reason why he should not recover wages according to the terms of the contract. The statement that he need not work, but should be paid, did away with the necessity of proving that he had actually performed the work which he was ordinarily to perform. The evidence tended to show that the plaintiff had performed any and all services which the defendant required of him under the contract. The plaintiff was, therefore, entitled to go to the jury upon the pleadings as they then stood. Dexter v. Ivins, 133 N. Y. 551–553, 30 N. E. 594.

But, after the court ruled that the pleadings as they stood were insufficient, it was then clearly within the power of the court, and it was its duty, no surprise being alleged, to conform the pleadings to the proof and to make an end of the litigation. The object of pleadings is to promote the ends of justice, not to entrap a suitor in a maze of technicalities and uncertainties. Here evidence was introduced without objection sufficient to allow a recovery for a wrongful discharge if not for wages. "This power (under section 723, Code of Civil Procedure) may be exercised by the court at the trial in furtherance of justice, and the statute which confers it has always received in this court a liberal, rather than a narrow, construction. When names were given to actions, it may be that the cause of action originally pleaded and that substituted at the trial would not be embraced in the same general classification; but that circumstance is not now very important. When a cause of action, however stated, is sustained by the same proof, the power of the court under this section to conform the statement in the pleading to the facts proved is undoubted." Martin v. Home Bank, 160 N. Y. 190, 197, 54 N. E. 717. In that case an amendment was made at the trial which changed an action brought to recover damages for the defendant's failure to present a check within a reasonable time into one to recover the same money on the ground that plaintiff had paid it to the defendant by mistake. Whether we treat the action as one to recover the amount of wages as damages on account of the illegal discharge, or as an action to recover wages under the contract, the recovery in either case rests upon the same facts. Whether the amount of the wages should be demanded as wages or as damages is a mere matter of technicality, where it is apparent that there is no surprise, and where all the facts necessary to recover upon either theory are before the court without objection. The judgment should therefore be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide event.

SEWELL, J., concurs. SMITH, P. J., concurs in result, upon the ground that the court had power to amend the complaint. CHESTER, J., dissents in opinion, in which COCHRANE, J., concurs.

CHESTER, J. (dissenting). In his complaint the plaintiff alleges that the defendant employed plaintiff to superintend the mills of the defendant for three years at an annual salary of $4,000 a year; that

the plaintiff performed all the agreements to be by him kept and performed, and performed the said contract on his part; that the defendant has failed to keep and perform said contract on its part, "and has failed to pay this plaintiff in full for the services performed by him under said contract, and is now indebted to this plaintiff under said contract in the sum of $1,000 and interest thereon from the 10th day of September, 1904." The answer is a general denial. The plaintiff was sworn as a witness in his own behalf. He testified that he continued in the defendant's employment two years and nine months, when he was asked to resign by the president of the defendant; that in reply to this request he told the president that he was under contract with him for three years, and the president replied that it made no difference—that the plaintiff's salary would be paid just the same. No services were rendered after that, and this suit is to cover the salary for the remaining three months of the three years, viz., $1,000. At the close of plaintiff's proof, the court granted defendant's motion to dismiss the complaint on the ground that the cause of action alleged in the complaint was one for wages, and the proof shows there was nothing due the plaintiff for wages, and that the action was not one for damages. The plaintiff then asked permission to amend the complaint, and that application was denied. The plaintiff excepted to the denial of the application to amend and to the granting of the motion to dismiss the complaint, and these exceptions present the only questions for our determination.

The question with respect to dismissal is simply one of pleading. The complaint is clearly one to recover for services rendered, and the plaintiff failed to prove the rendering of any services for which he had not been paid. It would have been error for the court, under the allegation of performance, to permit the plaintiff to show an excuse for nonperformance. La Chicotte v. Richmond R. & El. Co., 15 App. Div. 380, 44 N. Y. Supp. 75. The complaint is not based upon the theory, nor does it contain any sufficient allegations, that the defendant had waived performance of the services for the period sued for. That being so, the dismissal was clearly proper. In a complaint to recover wages for services rendered, the plaintiff must prove as a condition precedent to the recovery that he performed the services in question to the defendant, and under such a complaint he cannot recover damages for a wrongful discharge, nor upon the theory of constructive services. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Weed v. Burt, 78 N. Y. 191; Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663; Moody v. Leverich, 4 Daly (N. Y.) 401. And to the same effect, in this department, Arnold v. Allen, 27 App. Div. 345, 49 N. Y. Supp. 1041; Allen v. Glen Creamery Co., 101 App. Div. 306, 91 N. Y. Supp. 935.

The record on appeal does not clearly show what the motion to amend, which was denied by the court, was, although it may be presumed that it was to change the cause of action to one for damages. The case last cited in this department holds that an action for damages for a breach of contract of employment because of wrongful discharge is entirely distinct from an action brought by the employé to recover wages. That was also held in effect in Arnold v. Allen, supra. The

amendment, seeking to set up a new cause of action, was one that under the authorities must be made at Special Term, and was not within the power of the court to grant at the Trial Term, under section 723 of the Code of Civil Procedure. The authorities are uniform to that effect, and need not be cited.

The judgment, I think, was clearly right, and should be affirmed, with costs.

COCHRANE, J., concurs.