LESLIE v. GROVER.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

1. PLEADING (§ 237*)—AMENDMENT—CONFORMING PLEADING TO PROOF.

Where no question is raised upon the trial, until after the evidence is closed, that there is a variance between the allegations of the complaint and the proof, and there is no misapprehension by the defendant as to the nature of plaintiff's claim, and the defendant gave no evidence to meet it, the court properly allowed the complaint to be amended to conform to the proof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 603–619; Dec. Dig. § 237.*]

2. TRIAL (§ 159*)—JURY CASE—AMENDMENT OF PLEADING—NONSUIT.

Where, in a jury case, plaintiff asked and is allowed to amend his complaint after the evidence is closed to conform to the proof, it is error to then render a judgment of nonsuit and dismiss the complaint on the merits.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 359–367; Dec. Dig. § 159.*]

McLennan, P. J., and Robson, J., dissenting.

Appeal from Special Term, Erie County.

Action by Josephine Leslie against Norard Grover. From an order of the Special Term reversing a judgment in the Municipal Court in favor of defendant and directing a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Edward C. Schlenker, for appellant.
Gordon F. Matthews, for respondent.

KRUSE, J. No question was raised upon the trial, until after the evidence was closed, that there was a variance between the proof and the cause of action alleged in the complaint. There was no misapprehension by the defendant as to the precise nature of the plaintiff's claim, and the defendant gave evidence to meet it. I think that under such circumstances the trial court properly permitted the complaint to be amended to conform to the proof (Martin v. Home Bank, 160 N. Y. 190–198, 54 N. E. 717; Cullen v. Battle Island Paper Co., 124 App. Div. 113, 108 N. Y. Supp. 921; Baumann v. Tannenbaum, 125 App. Div. 770, 110 N. Y. Supp. 108), but erred in granting the nonsuit and dismissing the complaint, and therefore the judgment was properly reversed at Special Term.

I think the order of reversal should be affirmed, with costs.

SPRING and WILLIAMS, JJ., concur.

ROBSON, J. (dissenting). The trial of this action was had in the Municipal Court of Buffalo, before a judge of that court and a jury. Plaintiff's complaint, as amended at the opening of the trial, alleged the sale and delivery by her to defendant, between specified dates, of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

goods, wares, and merchandise amounting to $1,671.98 and payments by defendant to apply thereon at various times aggregating the sum of $1,541.54, leaving a balance of $130.44 due and unpaid to the plaintiff from defendant, for which she demanded judgment. Defendant's answer was a general denial. Plaintiff failed on the trial to establish the sale and delivery of goods to defendant for the purchase price of which any balance was due to her; but the evidence presented did tend to prove, as stated by the justice in his opinion delivered at Special Term on decision of the appeal from the judgment of the Municipal Court, that the defendant being indebted to Grimm Bros. in a sum exceeding $130.44, and Grimm Bros. then owing plaintiff $130.44, defendant, at the request of Grimm Bros., promised to pay plaintiff $130.44, and plaintiff agreed to release Grimm Bros. from their liability for payment of that sum to her, and that in pursuance of this agreement plaintiff, at the request of defendant, gave Grimm Bros. credit as payment on their account with plaintiff for $130.44, and charged that amount to defendant's account with her, and Grimm Bros. gave defendant credit for a like sum upon his account with them. Defendant's evidence tended to disprove plaintiff's contention. At the close of the evidence defendant moved for a dismissal of the complaint; one ground of the motion being that plaintiff had failed to establish the cause of action alleged in the complaint. The court, at plaintiff's request, then, over defendant's objection and exception, permitted her to again amend the complaint by substituting as the statement of her cause of action:

"That on or about the 9th day of September, 1905, said indebtedness to the amount of $130.44 was assumed by the defendant in this action, and he agreed to pay the same, and directed for a valuable consideration the transfer of such amount to the account of Grimm Bros. and charge the same to the defendant."

Defendant formally objected to the granting of the amendment on the ground that the court had no power to permit such amendment at that time, and duly excepted to the ruling of the court permitting the amendment. Then, in terms reserving his rights on exception to the ruling, he was permitted by the court to amend his answer and plead as a defense to the cause of action, alleged in the complaint as then amended, the statute of frauds, and that such agreement as then pleaded in the complaint would have to be in writing, and thereupon moved for a dismissal of the complaint. The court permitted the amendment to the answer, and then said: "The motion for nonsuit and dismissal of the complaint on the merits is granted." Judgment, as then directed by the court, was thereupon entered in favor of defendant.

This last amendment to plaintiff's complaint allowed by the court substantially changed plaintiff's claim constituting the cause of action alleged in her complaint. Indeed, it substituted a new cause of action entirely different from that originally pleaded. Cox v. Halloran, 64 App. Div. 550, 72 N. Y. Supp. 302. Such an amendment, it seems, is beyond the power of the court to grant on the trial, if objection thereto is duly taken. Freeman v. Grant, 132 N. Y. 22, 29, 30 N. E. 247. It follows that the allowance of amendment of the complaint was un-

warranted, and that defendant was entitled to a nonsuit at the close of all the evidence.

The disposition of the case made by the court after the allowance of the amendments to the complaint and answer was also unauthorized. If the issues are to be regarded as those presented by the pleadings as amended, then there was plainly a question of fact for the determination of the jury as the learned court at Special Term in his opinion points out. If we treat the disposition of the case as made upon the pleadings and evidence as they stood before the amendment, the dismissal of the complaint on the merits was improper. The court, in jury cases, should not direct dismissal of a complaint upon the merits, and such direction seems to be unauthorized. Harris v. Buchanan, 100 App. Div. 403, 91 N. Y. Supp. 484. Plaintiff having entirely failed to establish the cause of action alleged in her complaint, a direction of judgment of nonsuit and dismissal of the complaint was proper; or, if defendant had moved for such direction, a verdict might have been directed.

The order of the Special Term should be reversed, and the judgment of the Municipal Court modified by striking therefrom the provision dismissing the complaint on the merits and affirming the judgment as one of nonsuit and dismissal of the complaint only.

McLENNAN, P. J., concurs.