## CALUWAERT v. SCHAPIRO.

(Supreme Court, Appellate Term, First Department. May 6, 1915.)

1. CONTRACTS ☞279—ACTIONS—CONDITIONS PRECEDENT—TENDER OF PERFORMANCE.

    To support a suit for breach of a mutual contract to do certain things at a future date, a tender, or at least a readiness and willingness to perform, by plaintiff at such date, is necessary, because until tender there is no breach; but where, before the time fixed, one party notifies the other that he will not perform, an action may be brought at once without a tender.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1233-1248; Dec. Dig. ☞279.]

2. CONTRACTS ☞335—ACTIONS—COMPLAINT—READINESS AND WILLINGNESS TO PERFORM.

    Where one party to a contract to do certain things at a future date notifies the other that he will not perform, the other party, in suing for the breach, need not allege a readiness and willingness to perform.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664-1676; Dec. Dig. ☞335.]

3. MASTER AND SERVANT ☞36—ACTIONS FOR WRONGFUL DISCHARGE—SUFFICIENCY OF COMPLAINT.

    In an employé's action for damages for wrongful discharge, plaintiff was not required to allege a readiness and willingness to perform at the time his services were refused and the alleged wrongful discharge took place, as the discharge was a complete breach of the contract, and anything in the way of justification was a matter of defense.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 42; Dec. Dig. ☞36.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from City Court of New York, Trial Term.

Action by Prosper Caluwaert against Jacob Schapiro. From a judgment for defendant, entered after a dismissal of the complaint on motion at the trial on the ground that it did not state facts sufficient to constitute a cause of action, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Max Miller, of New York City (Joseph I. Green, of New York City, of counsel), for appellant.

Glueck & De Groot, of New York City (Sidney Lowenthal, Edmund Glueck, and Mortimer De Groot, all of New York City, of counsel), for respondent.

PENDLETON, J. Plaintiff having been employed by defendant under a contract for a year, and entered upon the performance thereof, alleged that before the end of the year defendant wrongfully discharged him and barred and prevented his earning the compensation agreed upon, and that thereby he was damaged in the sum of at least $2,000, and demanded judgment for said sum, etc. The complaint was dismissed on the ground, as appears by the opinion of the court below, that it did not allege a readiness and willingness of plaintiff to perform at the time "his services were refused," and at the time when "the alleged wrongful discharge took place."

[1-3] Where there is a mutual contract to do certain things at a future date, in a suit for a breach thereof, a tender, or at least a readiness and willingness to perform, by plaintiff at the time is necessary (Nelson v. Plimpton, 55 N. Y. 480), because until tender there is no breach; but where, before the time fixed, one party notifies the other that he will not perform, then an action may be brought at once, and neither a tender, nor allegation of a readiness and willingness to perform, is required. In Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285, it was held that in a contract to employ at a future date, on a rejection before the date, plaintiff may sue for damages, without alleging a readiness and willingness to perform at the time fixed; and in Allen v. Glen Creamery Co., 101 App. Div. 306, 91 N. Y. Supp. 935, it was held that, in an action for wrongful discharge, no allegation of readiness and willingness to perform after the discharge is necessary. The principle of these cases is that, where the act charged is in itself a breach, nothing more is necessary. The distinction between the case of a plaintiff suing for a failure to employ at a future date and cases of a wrongful anticipatory notice of intention not to perform and of a wrongful discharge before the expiration of the contract is that in the former there is no breach until a tender, or, at least, readiness and willingness to perform, while in the latter the wrongful act is in and of itself a complete breach of the contract, and anything in the way of justification is matter of defense. Linton v. Unexcelled Fireworks Co., 124 N. Y. 533, 27 N. E. 406.

Judgment reversed, and new trial ordered; costs to appellant to abide the event. All concur.